517 P.2d 422 (1973)
SCHOOL DISTRICT NO. II-J et al., Plaintiffs-Appellees,
v.
Delos HOWELL, a minor, By and Through his mother, Mrs. Thelma Pinnecoose and the Colorado Civil Rights Commission, Defendants-Appellants.
No. 73-022.
Colorado Court of Appeals, Div. II.
October 2, 1973.
Rehearing Denied October 24, 1973.
Certiorari Denied January 14, 1974.
Hamilton, Sherman, Hamilton & Shand, P. C., E. B. Hamilton, Sr., Durango, for plaintiffs-appellees.
*423 John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Jeffrey I. Sandman, Asst. Atty. Gen., Denver, for defendants-appellants.
Selected for Official Publication.
SMITH, Judge.
This is an appeal from a district court judgment vacating a determination by the Colorado Civil Rights Commission that School District 11-J's hair length regulation and an application procedure exempting certain students from that regulation are in violation of 1969 Perm.Supp., C.R.S. 1963, 25-1-1, which statute prohibits exclusion from public accommodations because of religion.
Defendant Howell, a Pawnee Indian, contends that long hair is a significant part of his religious beliefs and practices, that this belief is an integral part of the Pawnee religion and culture, and that compliance with the school's hair regulation denies him free exercise of his religious beliefs. We affirm in part and reverse in part.
On April 3, 1972, defendant Howell was suspended from high school as a result of his failure to comply with the school's hair length regulation, which states that:
"All male students will have their hair cut to the point that it doesn't create a disruption, general annoyance, or undue attention. The principal will have the authority to determine if a haircut is satisfactory or unsatisfactory.
On April 10, 1972, the defendant appeared before an open meeting of the school board, and, on the basis of that body's determination that the defendant's hair was then in compliance with the regulation, the board readmitted defendant to school on April 13, 1972. Thereafter the defendant filed a complaint with the Colorado Civil Rights Commission, and the Commission, after due investigation, filed formal charges of religious discrimination against the school district. It was only after the filing of these charges that the school district became aware that defendant's refusal to cut his hair was based upon Pawnee cultural and religious tenets. Cognizant of the issue of free exercise of religion presented by defendant's claim, the school district prepared an application form which permits exemption from the hair regulation by Indian students who obtain the signature of their parents, the Tribal Church Council, and the Chairman of the Southern Ute Tribe attesting to the student's religious beliefs. The defendant refused to sign this application, contending that the application procedure is also in violation of 1969 Perm.Supp., C.R.S.1963, 25-1-1. At the conclusion of the hearing, the Commission found pursuant to this statute that the regulation violated the constitutionally protected free exercise of defendant's religious beliefs and that the application procedure was an unreasonable and burdensome requirement on the free exercise of defendant's religion.

I
The first issue in this case is whether the regulation falls within the prohibition of 1969 Perm.Supp., C.R.S. 1963, 25-1-1(2). In its conclusions of law, the Colorado Civil Rights Commission stated that:
"It is the conclusion of this Commission that in this case, the Complainant's right to practice his religion overrides the regulations of the School Board concerned with hair length. The Commission can find no evidence that the School Board's regulation is necessary for the health, welfare or safety of the students to such degree that it should override Complainant's religious freedom or religious freedom of other groups."
There was no finding of fact or conclusion of law by the Commission that the hair regulation discriminates against persons of a particular national origin or against persons of a particular creed. The Commission's only conclusion was that the hair regulation denies the defendant his First Amendment right to freely exercise his religion. As such, this conclusion of law and the commission's order based thereon is *424 outside the scope of unlawful acts prohibited by 1969 Perm.Supp., C.R.S.1963, 25-1-1(2). That provision declares:
"It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group because of race, creed, color, sex, national origin, or ancestry, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation. . ."
The hair regulation in this case was a general rule applying equally to all individuals, of all national origins and ancestry and of all creeds. The record is devoid of evidence supporting a claim that the purpose or effect of either the regulation itself or its application to this defendant was to single out or classify Indian Americans for whom the cutting of hair violates their religious tenets. The Commission found not that the hair regulation was discriminatory, but that it violated defendant's substantive constitutional right to freely exercise his religion. Such a determination is outside the scope of the commission's duties, and is an issue appropriately resolved in a court of law. We therefore affirm the district court's order vacating the commission's orders regarding the hair length regulation.

II
The second issue is whether the district court erred in vacating the commission's determination that the application permitting noncompliance with the hair regulation is discriminatory. The application applies only to Indians. It requires the signature of the student, his parent, the Tribal Church Council, and the Chairman of the Southern Ute Tribe attesting to the student's religious beliefs. The commission found, which finding is supported by substantial evidence in the record, that similar procedures are not imposed on other religious groups seeking exemption from other mandatory school requirements. This disparity in the procedure for verifying the student's religious beliefs constitutes a discriminatory practice prohibited by 1969 Perm.Supp., C.R.S.1963, 25-1-1, and the commission's order in that respect was correct.
That part of the judgment vacating the commission's order invalidating the application procedure is reversed and the cause is remanded with directions to reinstate that portion of the commission's order. The balance of the judgment is affirmed.
COYTE and ENOCH, JJ., concur.