Anne K. YOUNG, Plaintiff,

v.

**BOARD OF EDUCATION OF FREMONT COUNTY SCHOOL DISTRICT, RE–3, et al., Defendants.**

Civ. A. No. 76–F–631.

United States District Court, D. Colorado.

July 23, 1976.

---

H. R. Harward, Canon City, Colo., for plaintiff.

Gerald A. Caplan, Boulder, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

FINESILVER, District Judge.

The issues presented are whether this action is subject to removal to federal court by virtue of Title 28, United States Code Section 1441(c); further, whether this case should be remanded to the State Court where the action was originally filed, *i. e.* the District Court in and For County of Fremont and State of Colorado.

We hold that objections to the Petition for Removal filed by the plaintiff are well taken and that the case should be remanded to the State Court.

### I.

In May, 1976, the plaintiff, a non-tenured teacher in the defendant State School District, filed a civil action against all of the defendants in the County of Fremont, State of Colorado District Court, alleging two causes of action resulting from the defendants' refusal to renew the plaintiff's teaching contract for the 1976–77 year. Plaintiff's first cause of action seeks equitable relief from the Court in the form of an order directing contract renewal. The second cause of action seeks damages under 42 U.S.C. § 1983, from the defendants for the alleged deprivation under color of state law of rights secured by the Constitution in connection with the non-renewal of plaintiff's teaching contract.

On June 18, 1976, the defendants, pursuant to the provisions of 28 U.S.C. § 1441, filed a Petition for Removal to this Court, together with a Removal Bond as required by 28 U.S.C. § 1446(d). In addition, a Notice of Filing of Petition for Removal and Removal Bond were sent to plaintiff's attorney and to the Clerk of the Fremont County District Court on June 18, 1976.

On June 22, 1976, defendants filed their answer that generally asserted denials of plaintiff's claims, and also asserted a sixth defense.

"The non-renewal of the Contract of Employment of the Plaintiff as a probationary teacher under the provisions of the Colorado Employment, Dismissal and Tenure Act of 1967, as amended, did not deprive the Plaintiff of any interest protected by the First, Fifth or Fourteenth Amendments to the Constitution of the United States."

On June 23, 1976, the plaintiff's attorney filed Objections to Petition for Removal in this Court.

### II.

42 U.S.C. Section 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Section 1983 actions can be brought in state courts as state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and Laws of the United States. Jurisdic-

tion in Section 1983 cases has not been restricted to federal courts. See *Claflin v. Houseman*, 93 U.S. 130, 136, 23 L.Ed. 833 (1876). The state court can award all relief available under the federal statutes.

We see no compelling reason to justify giving defendants, properly sued in a court of competent jurisdiction, the right to select the forum for adjudication of this case. Absent statutory prohibition, plaintiff's choice of a forum should be recognized by the court.

We also observe that defendants have not alleged any grounds indicating that they cannot secure a proper defense to this action in the state court. We note that in their answer filed herein, defendants rely on several defenses under state law, *i. e.*, Colorado Sovereign Immunity Act and Colorado Employment Dismissal and Tenure Act of 1967, as amended.

In addition, no independent basis for federal jurisdiction such as diversity of citizenship exists in this litigation.

### III.

Persuasive authorities support our view that state courts have concurrent jurisdiction over actions arising under Section 1983. *Brown v. Pitchess*, 13 Cal.3d 518, 119 Cal. Rptr. 204, 531 P.2d 772 (1975), articulates the logic of Section 1983 jurisdiction in state courts. *See* cases therein cited, 119 Cal.Rptr. at 207, 531 P.2d 772 at 775.

In a 1971 treatise, C. Antieau, *Federal Civil Rights Acts 49*, Lawyers Cooperative Publishing Company states:

Actions can be brought in state courts, [*Hirych v. State*, 376 Mich. 384, 136 N.W.2d 910 (1965)] but such litigation has been rare.

Another writer states:

The jurisdictional grant keyed to Section 1983, 28 U.S.C. § 1343(3) (1964), gives original but no exclusive jurisdiction to the federal courts. Whenever exclusive jurisdiction is neither granted nor necessarily implied, state courts may exercise concurrent jurisdiction. *Claflin v. Houseman, supra*. The 1871 statute's implied

grant of exclusive jurisdiction to the federal courts, see Civil Rights Act of 1871 § 1, 17 Stat. 13 ("such proceeding to be prosecuted in the several district or circuit courts of the United States . . .") was dropped in the 1873–74 codification, see R.S. §§ 563(12), 629(16) (2d ed. 1873–74), in what could not be described as a presumable deletion of "surplusage". . . . The only federal court statement found denying state court jurisdiction came in dictum and unsupported by any of the authorities it cited. Compare *Beauregard v. Wingard*, 230 F.Supp. 167, 185 & n. 30 (S.D.Cal.1964) (dictum).

Under the supremacy clause of the Constitution, U.S.Const. art. VI, cl. 2, state court judges are bound to obey federal law when applicable. See *Testa v. Katt*, 330 U.S. 386, 393 [, 67 S.Ct. 810, 91 L.Ed. 967] (1947).

Note, *Limiting the Section 1983 Action in the Wake of Monroe v. Pape*, 82 Harv.L. Rev. 1486, 1498 n. 62 (1969). Also indicating present general acceptance of Section 1983 jurisdiction in state courts is *New York Times, Inc. v. Arizona Board of Regents*, 110 Ariz. 367, 519 P.2d 169 (1974).

### IV.

There is precedent for Colorado State Courts exercising jurisdiction in Section 1983 cases. The Colorado Court of Appeals in *Silverman v. University of Colorado*, 541 P.2d 93 (Colo.Ct.App.1975), reversed the trial court's dismissal of a state court action based on 42 U.S.C. § 1983, recognizing in the process that Congress gave concurrent jurisdiction of civil rights actions to state and federal courts. Because plaintiff's complaint states a claim for relief under that statute, the order of dismissal was reversed, and the cause remanded for further proceedings.

Similarly, in *School District No. 11–J v. Howell*, 517 P.2d 422 (Colo.Ct.App.1973), the court at least impliedly recognized that the state courts will entertain an action claiming deprivation of civil rights. The court there determined that the Colorado Civil Rights Commission's finding that a school

district's hair length regulation violated the plaintiff's right to freely exercise his religion was outside the Commission's statutorily conferred authority. The court did not, however, indicate that the student had no redress for the alleged violation, but rather indicated that this was "an issue appropriately resolved in a court of law." *Id.* at 424.

### V.

Courts, federal and state, equally have responsibility to give meaning to federally secured rights and to adjudicate issues where these rights are claimed. The fact that federal courts operate in this field does not preclude similar activity by state judicial forums. In the context of this case and considering the issues joined, we see no practical or persuasive argument in having the federal forum exercise jurisdiction in this case.

### VI.

Accordingly, IT IS HEREBY ORDERED that plaintiff's objections to the Petition For Removal are SUSTAINED.

The Clerk is directed to remand the above-entitled action to the District Court in and For the County of Fremont, State of Colorado.