Octavio T. ESCAMILLA, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission); Colorado Division of Employment; and Mercury Management St., Inc., Respondents.

No. 83CA0172.

Colorado Court of Appeals,
Div. III.

Sept. 15, 1983.

Charles B. Dillion, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Alice Parker, Asst. Atty. Gen., Denver, for respondents.

BERMAN, Judge.

Claimant, Octavio T. Escamilla, seeks review of an order of the Industrial Commission denying him unemployment benefits under § 8–73–108(9)(a)(XX), C.R.S.1973 (1982 Cum.Supp.). We set aside the order of the Industrial Commission and remand for further proceedings.

Claimant was discharged from his position as supervisor for a janitorial service at Stapleton International Airport. At the hearing before the referee, the project manager testified that he had terminated claimant for fighting on the job when it was brought to his attention that claimant and his girlfriend, a fellow employee, had been involved in an argument which involved pushing and shoving in a public area. The manager testified that he learned of the incident from the lead supervisor who had "hear[d] some argument going on." He testified that subsequently several employees who had witnessed the event told him that there "was quite a scene up on the floor that night." The manager stated that after an altercation eighteen months before he had warned claimant that a second incident could be cause for termination.

Claimant testified that his girlfriend had become ill, and asked him to take her home before the shift ended. When he refused she began to shout, push, and slap him. He stated that he finally took her home at the direction of the lead supervisor, returned, and finished his shift before he was terminated.

The referee found that the claimant had been involved in an altercation. However, he further found that the employer acted precipitously in discharging claimant since the prior warning had occurred one and a half years before. He, therefore, granted claimant full benefits.

The Industrial Commission found that the claimant had engaged in an altercation with another worker, but made no finding as to the extent of his participation. The Commission reversed the referee, finding that the prior warning was adequate, and the employer was not required to give claimant

another opportunity to conform to the required standard. The Commission concluded that claimant had been discharged for failure to meet job performance standards and accordingly disqualified him from the receipt of benefits. *See* § 8–73–108(9)(a)(XX), C.R.S.1973 (1982 Cum.Supp.).

Claimant contends that there is insufficient evidence in the record that he actively engaged in the altercation which led to his termination to support a denial of benefits, and that he is entitled to benefits since the record reflects that he was discharged through no fault of his own. We agree.

The question of whether an employee is eligible for unemployment benefits when he has been discharged for involvement in an altercation during which he was not the aggressor has been addressed only in an unpublished opinion of this court. *In re Claim of Altman v. Industrial Commission,* (Colo.App. No. 76–643, ann'd March 3, 1977) (not selected for official publication). In *Altman,* this court held that: "Where an employee acts to defend himself against an unprovoked assault by a co-employee, he may not be deemed, for unemployment compensation purposes, to have violated a company rule which prohibits fighting or disturbances on the employer's premises." *See Denver v. Industrial Commission,* 666 P.2d 160 (Colo.App.1983) (volitional act by employee necessary for him to be found at fault for his termination).

Here, although it appears there was no written company rule against fighting, the claimant had been warned that, if involved in another fight, he could be discharged. However, there is no evidence in the record that claimant actively engaged in the altercation. To the contrary, the record reveals that the claimant was attacked by his girl-friend but did nothing in retaliation. Hence, because the evidence is uncontradicted that claimant acted only to defend himself against an unprovoked assault by a co-employee, he cannot be denied unemployment benefits.

The order is set aside and the cause is remanded for entry of an order granting full unemployment benefits under § 8–73–108(1)(a), C.R.S.1973 (1982 Cum.Supp.).

KELLY and TURSI, JJ., concur.