**HOSPITAL SHARED SERVICES OF COLORADO, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, Mike Baca, Commissioner, Gary R. Rose, Commissioner, John J. McDonald, Commissioner, and Mary Ann Dunlap, Claimant, Respondents.**

No. 83CA0716.

Colorado Court of Appeals, Div. II.

Jan. 26, 1984.

George G. Johnson, Jr., Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy Arnold, Asst. Atty. Gen., Denver, for respondents Industrial Com'n, Mike Baca, Gary R. Rose, and John J. McDonald.

Robert L. Harris, Denver, for respondent Mary Ann Dunlap.

BABCOCK, Judge.

Hospital Shared Services of Colorado (employer) seeks review of a final order of the Industrial Commission awarding full unemployment compensation benefits to claimant. We affirm.

Claimant was discharged from her employment as a night security guard when she was found sleeping on duty. She had been disciplined for the same offense a few months before. At the hearing before the referee, the employer's representative testified that the employer's policy provided for a three-step disciplinary procedure: a verbal warning for a first offense; a written warning for a second offense; and discharge for a third offense. It was undisputed that claimant's discharge was brought about by her second offense and not her third.

The referee found that claimant had been discharged for a second offense of sleeping on the job and ordered a maximum reduction in benefits pursuant to § 8–73–108(9)(a)(XX), C.R.S. (1983 Cum.Supp.). The Industrial Commission reversed, finding that, although claimant had violated the employer's rule against sleeping on the job, she had not been given the benefit of the employer's stated disciplinary procedure. The Commission concluded that claimant was discharged through no fault of her own and awarded full benefits pursuant to § 8–73–108(4), C.R.S. (1983 Cum.Supp.).

The employer now contends that the provisions of § 8–73–108(9)(a)(XX) are mandatory where there has been a factual finding that a claimant was sleeping on the job, and, therefore, the Commission exceeded its authority by awarding claimant benefits. It further contends that there is insufficient evidence to support the findings of the Commission. Its contentions are without merit.

Here, the employer's own evidence established that it had discharged defendant in violation of its stated policy, *see Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974), and employer introduced no evidence to justify deviation from that policy in this case. This is sufficient to support the Commission's determination that claimant was unemployed through no fault of her own and, thus, is entitled to benefits under the general provisions of § 8–73–108(4). *See Sims v. Industrial Commission,* 627 P.2d 1107 (Colo. 1981) (interpreting similar language in § 8–73–108(5)).

Order affirmed.

BERMAN and KELLY, JJ., concur.