ZELINGERS, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO, (Ex-Officio Unemployment Compensation Commission of Colorado) and Sandra A. Thompson, Respondents.

No. 83CA0759.

Colorado Court of Appeals, Div. II.

March 1, 1984.

Zuckerman & Kleinman, P.C., Leo T. Zuckerman, Michael J. Kleinman, David W. Osterman, Denver, for petitioner.

No appearance for respondents.

KELLY, Judge.

The employer seeks review of a final order of the Industrial Commission awarding full unemployment benefits to Sandra A. Thompson (claimant). We affirm.

The evidence at the hearing before the referee was essentially undisputed. Claimant was employed for almost four months. During that time she was absent approximately seven days because of illness, her child's illness, and to pick up her boyfriend at the airport. Each time she notified her employer that she would be absent prior to the time she was scheduled to report to work. The incident that led to her termination began when she called her employer, and stated that she needed to make an out-of-state trip because of an illness or death in her boyfriend's family. Both the claimant and the employer's representative testified that either her supervisor or an owner of the company told her "if you have

to go, go." When her boyfriend called to inform the employer when she would return to work, she was terminated.

The referee found that the employer was responsible for claimant's termination, even if her absenteeism was excessive, because she was not given an opportunity to choose between being absent and continuing her employment. He awarded full unemployment benefits pursuant to § 8–73–108(4), C.R.S. (1983 Cum.Supp.). The Industrial Commission adopted and affirmed the referee's decision.

The employer argues that the record establishes that claimant's absenteeism was excessive, and that fact mandates the maximum reduction of benefits pursuant to § 8–73–108(9)(a)(XX), C.R.S. (1983 Cum. Supp.). The employer also contends that the referee erred as a matter of law in basing an award of benefits on a finding that claimant had not been given an express warning that her absenteeism would lead to termination. We disagree with the employer's contentions because they are based on an overly mechanical construction of the unemployment statute.

The intent of the General Assembly is that each eligible individual is entitled to a full award of benefits if he is unemployed through no fault of his own. Section 8–73–108(1)(a), C.R.S. (1983 Cum. Supp.); *Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981). However, the concept of "fault" under the statute is not necessarily related to culpability, but must be construed as requiring a volitional act. *See City & County of Denver v. Industrial Commission,* 666 P.2d 160 (Colo.App. 1983). Furthermore, even where there are findings to support their application, the disqualifying provisions of § 8–73–108(9), C.R.S. (1983 Cum.Supp.) are not mandatory if the totality of the circumstances establishes that a claimant was unemployed through no fault of his own. *See Hospital Shared Services v. Industrial Commission,* 677 P.2d 447 (Colo.App.1984).

Here, the evidence established, and the referee found, that claimant was given

at least tacit permission to miss work, and had no knowledge that her employment was in jeopardy until she was terminated. Whatever blame may be assigned to claimant for her excessive absenteeism, the employer's failure to inform her of the consequences of another absence deprived her of the opportunity to act volitionally in her separation from employment. In the absence of a volitional act by claimant, there can be no "fault" on her part within the meaning of the unemployment statute. *See Escamilla v. Industrial Commission,* 670 P.2d 815 (Colo.App.1983).

Order affirmed.

BERMAN and BABCOCK, JJ., concur.