Deborah K. RULON, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado, and T.M., Ltd., Respondents.

No. 86CA0386.

Colorado Court of Appeals, Div. I.

Oct. 2, 1986.

Colorado Rural Legal Services, Cynthia M. Hartman, Fort Collins, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz-Hernandez, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

No appearance for respondent T.M., Ltd.

STERNBERG, Judge.

Deborah K. Rulon, claimant, seeks review of a final order of the Industrial Commission which denied her unemployment benefits based on its finding that her termination was within the ambit of § 8–73–108(5)(e)(I), C.R.S. (1985 Cum.Supp.) in that she quit because of dissatisfaction with her working conditions. We set aside the order.

Claimant worked for employer, a supermarket, for five years, full-time and, most recently, part-time. There was no uniformity of rates of pay for full- and part-time employees. When claimant began working in the office, her pay was raised above that of other full-time employees. Her rate of pay was not reduced when she left the office to return to work as a full-time checker in the summer of 1982, and it was also not reduced when she began working part-time four months before she quit.

A few weeks before claimant left, the store manager decided to reduce claimant's hourly wage to the same rate as other part-time workers, a reduction of 80¢ an hour. The Commission found that his reasons for this decision were that it had become difficult to schedule claimant's hours to accommodate her wish to work part-time, and that he felt she had become undependable by not always working the number of hours for which she had been scheduled. The store manager did not discuss with claimant his dissatisfaction with her performance, and he did not tell her in advance that he was reducing her pay.

The manager testified, further, that he would have been willing to continue to pay her the higher rate if her performance had continued to be satisfactory.

After she received a paycheck reflecting the cut in her hourly rate, claimant attempted, unsuccessfully, to discuss the reduction with the store manager. She then spoke to the store owner, who ordered that her former rate of pay be reinstated until she could be officially notified of the reduction. Claimant's next paycheck was for the higher rate of pay, but shortly afterwards, the office manager told her that her hourly rate would be reduced by 80¢ in the future.

This conversation took place in the presence of other employees, and became somewhat heated. During the discussion, the office manager told claimant that in her personal opinion, claimant was not a loyal employee. The next day, claimant resigned, citing the pay cut and what she considered to be insulting treatment by the office manager. Claimant testified at the hearing that the pay cut was the main reason for her resignation, and the Industrial Commission found that she would not have quit, despite the argument with the office manager, if her wages had not been reduced.

The Commission found that claimant quit because of dissatisfaction with her working conditions, concluding that her rate of pay was reduced to the prevailing rate for part-time clerks, and that her complaints about the treatment she received from the office manager amounted to dissatisfaction with her supervisor.

Claimant argues here that the Industrial Commission erred as a matter of law in applying § 8–73–108(5)(e)(I) to the facts of her case. We agree.

The evidence presented shows that claimant's hourly rate was not reduced primarily for the purpose of bringing her pay into line with the prevailing rate in the supermarket. The store manager testified that he had instructed the office manager to leave claimant's salary at the higher rate when she began working part-time, and he

stated that he would have been willing to continue to pay her the higher rate if her performance had continued to be satisfactory.

Section 8–73–108(5)(e)(I) permits a denial of benefits if a worker quits because of dissatisfaction with "prevailing rates of pay," and requires a determination whether that rate of pay is standard for that type of work in the industry. The real issue precipitating claimant's resignation, however, was not the *rate* to which her wages were cut. In fact, claimant testified that she would have accepted the pay cut had it been made when she moved from full-time office work to part-time checking. The issue which caused claimant to quit, as the Industrial Commission found, was the *fact* (and the manner) of the pay cut.

■ An eligible individual is entitled to a full award of benefits if she becomes unemployed through no fault of her own. Section 8–73–108(1)(a), C.R.S. (1985 Cum. Supp.); *Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981). In this regard the concept of fault means a volitional act, and is not necessarily related to culpability. *Zelingers v. Industrial Commission,* 679 P.2d 608 (Colo.App.1984); *see also City & County of Denver v. Industrial Commission,* 666 P.2d 160 (Colo.App.1983). Thus, in the absence of a volitional act by the employee, there can be no fault on her part within the meaning of the unemployment statute. *Zelingers v. Industrial Commission, supra.*

■ Undisputed testimony established that the reasons for claimant's pay cut were her undependability and scheduling problems, and that if these problems had not occurred, the store manager would have been willing to continue to pay her at the higher rate. The Commission found, further, that claimant was given no notice that her performance was unsatisfactory. Claimant, thus, had no opportunity to correct the problem and remain at her higher rate of pay. Under these circumstances, the lack of notice to claimant of allegedly unsatisfactory job performance rendered unreasonable the subsequent reduction in

pay under the provisions of § 8–73–108(4)(e), C.R.S. (1985 Cum.Supp.). It cannot be said, therefore, that claimant was at fault in her separation from employment.

Accordingly, the order of the Industrial Commission is set aside and the cause is remanded to the Industrial Claims Appeals Office for entry of an order awarding full benefits to claimant pursuant to § 8–73–108(4)(e), C.R.S. (1985 Cum.Supp.).

PIERCE and METZGER, JJ., concur.