Johnnie R. NIELSEN, Petitioner,

v.

AMI INDUSTRIES, INC., DIVISION OF
EMPLOYMENT AND TRAINING, and
The Industrial Claim Appeals Office of
the State of Colorado, Respondents.

No. 87CA1899.

Colorado Court of Appeals,
Div. II.

June 9, 1988.

Rehearing Denied July 7, 1988.

Tremaroli & McCready, P.C., Guy M.
McCready, Colorado Springs, for petitioner.

No appearance for respondent AMI Industries, Inc.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Karen E. Leather, Asst.
Atty. Gen., Denver, for respondents Div. of
Employment and Training and the Industrial Claim Appeals Office.

NEY, Judge.

Johnnie R. Nielsen, claimant, seeks review of a final order of the Industrial
Claim Appeals Office (Panel) which disqualified him from the receipt of unemployment
compensation benefits. We set aside the
order and remand.

The claimant was employed by AMI Industries, Inc., for over twelve years. During the three months prior to his termination, claimant was employed in the maintenance department.

On the day of the incident which precipitated his termination, claimant was helping
his supervisor move and repower machinery. The claimant was asked if he felt
"comfortable" working with electrical wiring while the power remained on. Although he did not have much experience in
working with "hot" wires or in repowering
machinery and would have preferred to
shut the power down, claimant said that it
would be "no problem."

The claimant was directed to pull a live
220–volt electrical cable through a conduit.
Because the claimant mistaped the wires,
they short-circuited, causing a shock to the
claimant and creating a hazard that could
have seriously injured or killed someone.
The claimant was terminated after this incident.

Although claimant was initially awarded
full benefits by a deputy, the employer
appealed that decision and a hearing was
held before a referee. At the hearing, the
employer testified to an unwritten policy
that an employee would not be forced to
perform a duty that the employee did not
feel comfortable doing. There was no evidence that this policy had ever been communicated to the claimant. The claimant
testified that he only agreed to work with
the live wires because he was afraid that
he would lose his job if he refused.

The referee reversed the deputy's determination and concluded that the claimant
was at fault for his separation and thus

disqualified from receiving benefits, pursuant to § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl. Vol. 3B). On review of the referee's determination, the Panel upheld the decision.

The claimant contends that the evidence was insufficient to support the Panel's finding that he was at fault for his separation from employment. We agree.

The referee's finding of fault, affirmed by the Panel, was based on claimant's creation of a safety hazard by agreeing to perform a job duty that he was aware he might not be capable of performing. The Panel concluded that since the claimant was not required to perform the job duty in question, and did not feel capable of performing it, he did not act reasonably in agreeing to do so.

Although the Panel's findings of fact may not be altered on review if supported by substantial evidence, § 8–74–107(6), C.R.S. (1986 Repl. Vol. 3B) provides that a decision by the Panel must be set aside if the findings of fact do not support the decision, or if the decision is erroneous as a matter of law.

The intent expressed by statute in granting benefit awards is "that each eligible individual who is unemployed *through no fault of his own* shall be entitled to receive a full award of benefits." Section 8–73–108(1)(a), C.R.S. (1986 Repl. Vol. 3B) (emphasis added). "Fault" means that the claimant, at a minimum, must have performed some volitional act resulting in the discharge from employment. *Gonzales v. Industrial Commission,* 740 P.2d 999 (Colo.1987); *Zelingers v. Industrial Commission,* 679 P.2d 608 (Colo.App.1984).

Here, the referee made no finding as to whether the claimant acted volitionally; thus the case must be remanded for such a finding. *See City & County of Denver v. Industrial Commission,* 756 P.2d 373 (Colo.1988). Because the basis of the referee's finding of fault was that the claimant unreasonably agreed to perform a job duty which he was not required to perform, the referee must make a finding of whether the claimant was aware of the unwritten policy that he would not be dismissed if he refused to work with the live wires. If the unwritten policy was never communicated to the claimant, the claimant could not be aware that he had a choice on how to proceed, and thus could not act volitionally. *Zelingers, supra; City and County of Denver v. Industrial Commission, supra.*

In addition, if the policy was not communicated to claimant, the Panel must consider whether an unwritten, uncommunicated policy constitutes an "established job performance or other defined standard" as is required by § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl. Vol. 3B). Finally, in light of the employer's testimony that there were no written safety rules or regulations, the Panel must consider whether there were any such rules which claimant violated.

The order is set aside and the cause is remanded for further proceedings.

SMITH and VAN CISE, JJ., concur.