No. 12,054.

CONSOLIDATED SCHOOL DISTRICT No. 31, SAGUACHE COUNTY
*v.* ANGUS.

Decided April 29, 1929.

Mr. John I. Palmer, for plaintiff in error.

Mr. James P. Veerkamp, Mr. Herbert W. Martin, for defendant in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

Opal Angus, a teacher, recovered a judgment against consolidated school district, No. 31, in the county of Saguache, on three causes of action—the first being for wages claimed by her; the second being for wages claimed by Anna Crain, a teacher; the third being for wages claimed by J. W. Briggs, a janitor. The Crain and Briggs claims were assigned to Opal Angus.

J. F. DeVinna was a director and the secretary of the district. He sought to be reelected at the election held May 4, 1925; but the election resulted in a tie vote, so that neither he nor his opponent, Crabtree, was elected. There was no special election held, and the county superintendent of schools did not appoint DeVinna's successor until July 25. In the meantime, there being no one else to perform the duties of the office, DeVinna remained in possession of the records and continued to act as director and secretary. On May 13, his right to the office was challenged in a quo warranto proceeding. On September 8, the court rendered judgment ousting him from office. On May 28, 1925, a meeting was held at which there were entered into, contracts of employment with the three claimants, who had been in the service of the district for some time. There are three directors of the district. Sandlin, the president of the board, absented himself from the meeting. Chapman, director and treasurer, and DeVinna were present and passed the resolution that authorized the making of the contracts. The validity of these contracts is attacked on two grounds:

1. It is said that DeVinna was neither a de jure nor a de facto director; that the contracts therefore were not authorized by the vote of a majority of the board and are void. DeVinna certainly was either a de jure or de facto director; which, we need not decide in this proceeding, for in either case the result is the same. The act of a de facto officer, if otherwise valid, is as binding as that of a de jure officer.

2. It is claimed that the meeting was not a legal meeting because, it is said, it was neither a regular meeting of the board, nor a properly called special meeting. Our attention is called to section 8331, C. L., which reads: "The regular meeting of each board shall be held on the last Saturday of March, June, September and December. The board may, however, hold such other regular, special or adjourned meetings as they may from time to time determine, or as may be specified in their by-laws."

The board adopted no by-laws, nor did it formally adopt any rule with reference to the manner of calling special meetings. Such formal action is not necessary in order to make a special meeting valid. Two days before the meeting the three members of the board were together, informally, and talked about the meeting that was to be held and the business that was to be transacted there. DeVinna and Chapman told Sandlin that the meeting would be held. Sandlin refused to attend for the reason that "a dispute had arisen as to whether Mr. DeVinna was secretary of the district." The trial court was right in holding that the meeting was a legal meeting. The manner in which it was called was not in violation of the statutory provision just quoted. We may add that Sandlin, the president of the board, testifying concerning the custom of the board with reference to calling meetings, said, "We notified Mr. Chapman when we had meetings." It would seem, therefore, that it was the practice for two members (a majority) of the board to call meetings. In the absence of a by-law or other formal rule to the contrary, such practice is open to no legal objection.

It was followed in the present case. Indeed, it has been held that under the statute authorizing·the school board to employ teachers, it is not necessary to the validity of a contract with·a teacher that it be made at a formal meeting of the board; and that a contract agreed to by the several members of the board and executed and signed by only two of them is binding, although not done at a meeting of the board. *School District v. Stone,* 14 Colo. App. 211, 59 Pac. 885.

One member of the board should not be, and is not, permitted to defeat or obstruct the transaction of the business of the district by refusing to attend a meeting called, noticed and held in the manner shown by the record in this case. The fact that a controversy arises over the result of an election is no reason why the affairs of a school district should come to a standstill until that controversy is finally determined by the court. Public business is too important to admit of such delay.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.