No. 16,409.

Thomas *v.* Bagwell et al.
(226 P. [2d] 563)

Decided December 26, 1950.

Mr. MERLE M. MARSHALL, for plaintiff in error.

Mr. J. FIDEL CHAVEZ, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

FRANK E. THOMAS brought an action against "Lavere Bagwell, J. D. Haynie, and H. B. Silvers, as the Board of Directors of Manassa School District No. 30 in the County of Conejos and State of Colorado" to obtain a mandatory injunction and other relief. Trial was had to the court, at the conclusion of which judgment was entered for defendants. Plaintiff seeks a review by writ of error.

In the complaint filed on November 8, 1947, it is alleged that the three individuals named as defendants are the directors of said School District No. 30, and that on September 1, 1947, at a meeting of "defendants" as members of the board of directors of said district plaintiff was employed as a teacher for the school year 1947-48, and thereafter said board fixed plaintiff's salary at the sum of $2,500 per year. It is further alleged that said defendants thereafter failed to assign a school to plaintiff, who sought, with other relief not urged here, a mandatory injunction requiring defendants to assign him to a school as a teacher therein and commanding the payment of his salary as such for the months of September and October, 1947. In the answer the material allegations of the complaint are denied.

The complaint, as we have said, was filed on November 8, 1947, and the answer was filed on December 8, 1947. Thereafter the action lay dormant until July 27, 1948, when plaintiff filed a supplemental complaint, alleging that since the filing of the original complaint there had become due and owing to plaintiff from "defendants" the sum of $2,500 under the contract of appointment, for

which he sought judgment. The answer to the supplemental complaint was a general denial.

Trial was begun on December 1, 1948, at which time plaintiff's counsel expressly stated that his prayer for a mandatory injunction was abandoned because at that time it was a moot question. The trial proceeded, without objection, as an action on contract.

Plaintiff testified that in March, 1947, he wrote each member of the school board, advising that he was available for appointment as a teacher in said school district for the school year 1947-48, and until September 8, 1947, had no contract of employment. On September 7, 1947, he was notified by his daughter or son-in-law that Mr. Haynie wanted him to appear on Monday morning, September 8, 1947, to commence his duties as a teacher. On September 8, 1947, plaintiff appeared at the school house and found everything in a state of confusion and on that evening had a conversation with Mr. Haynie and Mr. Bagwell, during which he was advised that he was to be employed commencing a week from that day in event another teacher did not desire the position, and that his salary was to be $400 in excess of that paid other teachers, which would make him a salary of $2,050 for the school year. He further testified that the other teacher had not reported for duty; he demanded that duties be assigned to him, and then learned that there had been some rearrangement of classes and that there was no available place for him. The minutes of a board meeting held on September 3, 1947, were admitted in evidence and contained the following with reference to plaintiff's employment: "Due to a shortage of teachers it was proposed to contact Frank Thomas as possibly available. H. B. Silver voted against this saying it would disrupt our system." No subsequent formal meeting of the board of directors was held at which plaintiff's employment was discussed.

Director Bagwell, called as a witness for cross-examination under the statute, and subsequently on direct

examination, testified that Thomas' application had never been considered by the board of directors and that there had never been an agreement between him and director Haynie for plaintiff's employment. This witness further testified that on September 8, 1947, he and Mr. Haynie had a conversation with plaintiff in which plaintiff was told that another teacher had been employed but that if the other teacher failed to report for duty, then he and Mr. Haynie would see plaintiff if they wanted his services. This witness testified that neither he nor Mr. Haynie promised plaintiff an appointment in event the other teacher did not report for duty, and also testified that there was no discussion whatever as to salary.

Mr. Haynie was called as a witness for cross-examination under the statute, and subsequently on direct examination, and testified that the minutes of the September 3, 1947, board meeting were correct; that on the evening of September 8 plaintiff contacted him, and he and plaintiff then contacted Bagwell, who was at that time engaged in doing some ranch chores about his place. Plaintiff then stated that he had come to take over his position as teacher, and director Bagwell then told plaintiff that another teacher had been offered that employment. This witness testified that in a conversation at which director Bagwell was present, he definitely advised Mr. Thomas that because of a new arrangement in their classes his services would not be required, and further that there was no agreement between him and Mr. Bagwell to employ Mr. Thomas as a teacher.

The only point specified as error is that the court committed an error in law in determining that the evidence did not disclose a contract of employment.

The court found, inter alia: "The testimony of negotiations following this meeting is conflicting. The plaintiff states that Monday, September 8, the opening day of school, he went to the school house to 'go to work,' pursuant to a message purportedly sent him by Director Haynie, the contents of which message are also in con-

flict. Either at the school house, or at the home of Director Haynie, on said date, plaintiff discussed the employment with Haynie and Bagwell, the third member of the Board. Silvers was not present. Again, the evidence concerning this conversation was highly conflicting, the plaintiff contending that Haynie and Bagwell there stated that plaintiff 'had been hired' and that 'Silvers had been told to put it in the minutes.' There is nothing to indicate when any such actions had been taken. Haynie and Bagwell, on the other hand, both deny that the September 8th conversation included any such statements, averring that the talk still centered only on the *possibility* of hiring plaintiff under certain contingencies which had not yet arisen."

Plaintiff relies upon decisions in *Ryan v. Mineral County High School District,* 27 Colo. App. 63, 146 Pac. 792, and *Consolidated School District v. Angus,* 85 Colo. 505, 277 Pac. 466, as decisions supporting his position. A careful reading of these two decisions fails to convince us that they are applicable here.

In *Ryan v. High School District, supra,* it is said: "It was undisputed that plaintiff applied for the place; that the application was taken up and considered at a meeting of the full board of five members, at which a motion was made that plaintiff be employed, and a motion that another be employed, neither applicant being present, and the plaintiff received three votes, and the other applicant two, and that the board then adjourned; that the secretary notified the plaintiff by letter that he had been employed; that he accepted the employment before the board took further action; that the minutes of the aforesaid meeting of the board, in addition to a statement of the vote, aforesaid, contained the following: 'Three votes were cast for Professor Lafayette Ryan and two for Mr. J. T. Franklin. Mr. L. Ryan being elected, the secretary was instructed to notify him of his appointment. There being no further business, the meeting was adjourned.' "

Subsequently another meeting of the board was held, at which the vote was reconsidered, and Ryan then received only two votes, and another three. However, at the second meeting, "When the minutes of the first were read, the president asked the secretary who gave her authority to so notify plaintiff, and she answered that he did; the minutes of the first meeting were not ordered to be corrected, and the minutes of the second meeting stated that the minutes of the previous meeting were approved as read. * * * So, in this case, even if the action of the board should have been considered by the lower court as a mere offer, such offer was accepted by the plaintiff before the second meeting, at which the reconsideration and revocation took place."

Under the factual situation presented in *Ryan v. Mineral County High School District, supra,* the uncontradicted evidence established the offer of employment and its acceptance; here the offer was by plaintiff, and its acceptance is denied. In the instant case there was presented to the court a decided and definite conflict as to the employment; in *Ryan v. Mineral County High School District, supra,* there was no such conflict.

In *Consolidated School District v. Angus, supra,* a special meeting of the board of directors was called, and one director refused to attend because "a dispute had arisen as to whether Mr. DeVinna was secretary of the district." and it is undisputed that the director who refused to attend for the reason assigned was notified of the meeting. We there held: "One member of the board should not be, and is not, permitted to defeat or obstruct the transaction of the business of the district by refusing to attend a meeting called, noticed and held in the manner shown by the record in this case. The fact that a controversy arises over the result of an election is no reason why the affairs of a school district should come to a standstill until that controversy is finally determined by the court. Public business is too important to admit of such delay."

The quoted part of the decision in *Consolidated School District v. Angus, supra,* is sufficient to clearly distinguish that decision from the factual situation presented in the instant case.

Here was a conflict in the evidence, with sufficient competent evidence to support the court in its findings, and its findings and judgment will not be disturbed.

We direct counsel's attention to section 73, chapter 146, '35 C.S.A., and the provisions thereof with reference to the corporate name in which a school district may be made a party to any action.

The judgment is affirmed.

MR. JUSTICE MOORE does not participate.