The **PEOPLE** of the State of Colorado ex rel. Natalie **MEYER**, in her official capacity as Secretary of State, State of Colorado and Duane Woodard, in his official capacity as Attorney General, State of Colorado, Plaintiff–Appellee,

v.

**LaPORTE CHURCH OF CHRIST**, Defendant–Appellant.

**No. 91CA1024.**

Colorado Court of Appeals, Div. III.

April 9, 1992.

Gale Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Asst. Atty. Gen., Denver, for plaintiff-appellee.

LaPorte Church of Christ, pro se.

Opinion by Judge RULAND.

Defendant, the LaPorte Church of Christ, appeals the default judgment entered in favor of plaintiff, the People. We dismiss the appeal.

The record reflects that an entity named the Church at Fort Collins was incorporated as a Colorado nonprofit corporation in 1973. In 1977, that corporation acquired certain real property, and an existing structure on that property was apparently remodeled and used for church services. In 1979, the corporation was suspended for failure to comply with the Corporation Code, and in 1983, that corporation was dissolved by the secretary of state. A transfer of the property from the corporation to the defendant is not included in the record. However, an application for a charitable exemption from real estate tax was filed relative to the same property in the name of defendant in 1978, and, based on that application, the property was not taxed at least through 1990.

In 1988, defendant purchased media advertisements encouraging voters in Fort Collins to reject a proposed civil rights ordinance pertaining to homosexuals. Defendant also purchased radio time and conducted programs concerning the proposed ordinance.

In June of 1989, the secretary of state conducted a hearing to determine whether defendant had violated the financial disclosure requirements for political committees as set forth in the Colorado Campaign Reform Act of 1974, § 1–45–101, et seq., C.R.S. (1980 Repl.Vol. 1B). Following the hearing, the secretary concluded that the Act applied to defendant's activities relative to the ordinance, and the secretary issued an order assessing defendant a fine of $10 per day if it failed to submit the disclosure reports. Defendant refused to comply, and in July 1990, the People commenced this action to enforce the order. Specifically, the People requested entry of an order requiring defendant to file the forms required by the Act, to pay the fines, and to comply with the Act in the future if defendant participated in activities governed by the Act.

Defendant's pastor filed a motion to quash service of process. Following its review of the motion, the court ordered defendant to establish, by a specified date, either why the pastor had standing to represent defendant as legal counsel or to obtain licensed legal counsel.

In a pre-trial evidentiary hearing, the People stipulated that it did not assert any right to collect the fines from the pastor. In response to the court's inquiry, the pastor explained that he was ordained by the Elders of his religious organization and that he, in effect, was thus authorized to act on behalf of defendant.

The trial court ruled, among other things, that the pastor could not represent defendant because he was not a licensed attorney. The court then granted defendant thirty days to obtain counsel and to file a responsive pleading.

Shortly before the deadline expired, the pastor filed an answer to the complaint. The trial court concluded, however, that defendant had failed to comply with its prior order and entered a default judgment in favor of the People.

In this appeal, defendant's pastor seeks reversal of the trial court's ruling. Relying upon numerous citations to and quotations from the Bible, the pastor contends, in effect, that the state courts lack appropriate jurisdiction to require defendant to comply with the secretary's order. He further contends that the Act is void because it contravenes Holy Scripture. We conclude that the pastor may not represent

defendant on appeal, and we therefore decline to consider the arguments presented for reversal of the trial court's ruling.

If we assume that defendant exists as a de facto corporation, *see People v. Zimbelman,* 194 Colo. 384, 572 P.2d 830 (1977), then representation by a corporate officer would be permitted if the requirements of § 13-1-127(1)(a) and (b), C.R.S. (1987 Repl. Vol. 6A) were met. However, the record reflects that there was no showing that the pastor was a corporate officer. *See Woodford Manufacturing Co. v. A.O.Q., Inc.,* 772 P.2d 652 (Colo.App.1988); *BQP Industries, Inc. v. State Board of Equalization,* 694 P.2d 337 (Colo.App.1984).

If we assume, on the other hand, that defendant is an unincorporated association, *see* § 13-50-105, C.R.S. (1987 Repl.Vol. 6A), then the representation of defendant by its pastor, a non-attorney, is prohibited by § 12-5-101, C.R.S. (1991 Repl.Vol. 5A).

> That statute provides in pertinent part: No person shall be permitted to practice as an attorney ... or to commence, conduct, or defend any action, suit ... in which he is not a party concerned in any court of record within this state ... without having previously obtained a license for that purpose from the supreme court.

And, preparation and submission of pleadings, the cross-examination of witnesses in the trial court, and presentation of argument to the trial court and this court constitute the practice of law for which the pastor is not licensed. *See Denver Bar Ass'n v. Public Utilities Commission,* 154 Colo. 273, 391 P.2d 467 (1964).

■ Contrary to the pastor's implicit contention, the prohibition against unlicensed legal representation does not impermissibly impinge upon the constitutional right to free exercise of religion. *See School District No. 11-J v. Howell,* 33 Colo.App. 57, 517 P.2d 422 (1973) (state regulation may be valid which applies equally to all persons of any religious faith).

The requirement that defendant be represented by a licensed attorney may not coincide with defendant's religious beliefs. However,

the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'

*Employment Division, Department of Human Resources of Oregon v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990).

The appeal is dismissed.

METZGER and JONES, JJ., concur.