2013 CO 73

Concerning the Application for Water Rights of Yellow Jacket Water Conservancy District in Rio Blanco County

YELLOW JACKET WATER CONSERVANCY DISTRICT, Applicant–Appellant,

v.

Joseph E. LIVINGSTON; Barbara J. Livingston; John D. Livingston Trust; Joan P. Livingston; Virginia L. Bean; Ted Edmonds Revocable Trust; Ruth Longwell Edmonds Revocable Trust; C Lazy S Ranch, Inc.; David Y. Cogswell; Fawn Creek Ranch Company; Colorado Division of Wildlife and the Wildlife Commission; Elk Creek Ranch Development, Inc.; Elk Creek Ranch Owner's Association; K/K Ranch, LLC; Sleepy Cat Ranch, LLC; Western Resource Advocates; Colorado Cattlemen's Agricultural Land Trust; Erin Light, in her official capacity as Division Engineer for Water Division 6; and Dick Wolfe, in his official capacity as State Engineer, Opposers–Appellees.

Supreme Court Case No. 11SA306

Supreme Court of Colorado.

December 23, 2013

Attorneys for Applicant–Appellant: White & Jankowski, LLP, Sarah A. Klahn, Philip E. Lopez, Denver, Colorado, Cooley Zagar–Brown P.C., Trina Kay Zagar–Brown, Meeker, Colorado, Balcomb & Green, P.C., Scott Balcomb, Scott Grosscup, Glenwood Springs, Colorado.

Attorneys for Objectors–Appellees Joseph E. Livingston; Barbara J. Livingston; John D. Livingston Trust; Joan P. Livingston; Ted Edmonds Revocable Trust; and Ruth Longwell Edmonds Revocable Trust: Karp Neu Hanlon, P.C., Michael J. Sawyer, Jeffrey J. Conklin, Glenwood Springs, Colorado.

Attorneys for Objectors–Appellees Elk Creek Ranch Owners' Association, Elk Creek Ranch Development, Inc., and K/K Ranch, LLC: Porzak Browning & Bushong, LLP, Glenn E. Porzak, Karen L. Henderson, Boulder, Colorado.

Attorneys for Objector–Appellee Western Resource Advocates: Robert Harris, Bartlett Miller, Boulder, Colorado.

Attorney for Amicus Curiae Upper Arkansas Water Conservancy District: MacDougall & Woldridge, P.C., Julianne M. Woldridge, Colorado Springs, Colorado.

No Appearance by or behalf of: Virginia L. Bean; C Lazy S Ranch, Inc.; David Y. Cogswell; Fawn Creek Ranch Company; Colorado Division of Wildlife; Wildlife Commission; Erin C.H. Light, in her official capacity as Division Engineer for Water Division 6; and Dick Wolfe, in his official capacity as State Engineer.

JUSTICE BOATRIGHT delivered the Opinion of the Court.

¶ 1 In this opinion, we review the water court's determination that holdover directors of a water conservancy district board may not continue to act on behalf of the district one year after the expiration of their term. We hold that the holdover provision in the Water Conservancy Act ("WCA"), section 37–45–114(1)(b), C.R.S. (2013), allows for a holdover director to continue to serve as a de jure officer and does not impose a temporal limit on a holdover director's authority to act on behalf of a district. Accordingly, we reverse the judgment of the water court and remand for proceedings consistent with this opinion.

## I. Facts and Procedural History

¶ 2 Yellow Jacket Water Conservancy District ("Yellow Jacket") holds conditional water rights for various bodies of water in northwest Colorado. Under the terms of the WCA, Yellow Jacket was required to file diligence applications every six years with the water court in order to maintain these conditional water rights. On September 29, 2009, before the diligence applications were due, Yellow Jacket's Board of Directors held a meeting. Yellow Jacket's Board is comprised of nine directors; at the time of the meeting, however, four directors were serving terms that had expired on October 18, 2008, and one vacancy remained due to a resignation earlier in the year. Consequently, only four members of the nine-person Board were serving unexpired terms. Nevertheless, the Board recorded a quorum at the meeting because seven directors, including three who were serving expired terms, were present. Yellow Jacket subsequently timely filed the diligence applications with the water court, which published them in its monthly resume.

¶ 3 In response to Yellow Jacket's applications, several parties ("the opposers") moved for summary judgment, requesting that the applications be dismissed and the water rights be cancelled. The opposers argued that because fewer than half of Yellow Jacket's directors were serving unexpired terms, the Board could not assemble a valid quorum and, as a result, could not lawfully authorize the filing of the diligence applications.

¶ 4 The water court agreed and granted summary judgment. In its written order, the water court explained that "[a]pplications to maintain conditional water rights are matters within the power of the board and therefore the board must meet the requirements of the [WCA] when authorizing them." The water court found that because the holdover directors had remained in office for an unreasonable amount of time after their terms had expired, the Board did not meet the requirements of the WCA. While the water court acknowledged that the WCA contains a holdover provision, it drew on case law from other states and applied a reasonableness standard for judging the validity of directors'

holdover terms. The water court then determined that Yellow Jacket's holdover directors acted outside of their statutory authority when they authorized the diligence applications because they had remained on the Board for an unreasonable amount of time beyond the expiration of their term. Because the water court found that these directors acted absent authority, it concluded that the Board lacked a quorum and thus could not lawfully file the diligence applications. Accordingly, the water court dismissed the diligence applications and deemed Yellow Jacket's conditional water rights abandoned and cancelled.

¶ 5 Yellow Jacket now appeals the water court's grant of summary judgment directly to this Court based on our jurisdiction conferred by section 13–4–102(1)(d), C.R.S. (2013).

## II. Standard of Review

¶ 6 We review an order granting summary judgment de novo. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251, 1256 (Colo.1995). Summary judgment is proper where a case presents no genuine issue of material fact and the law entitles one party to judgment in its favor. *Mt. Emmons Min. Co. v. Town of Crested Butte*, 690 P.2d 231, 239 (Colo.1984). The interpretation and application of Colorado statutes is a question of law which we review de novo. *Mun. Subdist. N. Colo. Water Conservancy Dist. v. Getty Oil Exploration Co.*, 997 P.2d 557, 561 (Colo.2000).

## III. Analysis

¶ 7 In this appeal, we address when, if ever, a director's holdover status deprives the director of his authority under the WCA to act on behalf of the district. To resolve this issue, we first briefly discuss the statutory framework underlying conditional water rights. We then analyze section 37–45–114(1)(b), the WCA's holdover provision, and conclude that the language of the holdover provision allows for a holdover director to continue to serve as a de jure officer and does not impose a temporal limit on a hold-

over director's authority to act on behalf of a district.[1]

## A. Conditional Water Rights

¶ 8 A conditional water right gives the holder the right to perfect a water right with a certain priority date upon the completion of the appropriation upon which the water right is based. § 37–92–103, C.R.S. (2013). Conditional water rights exist to encourage the construction of projects that will apply the state's water resources to beneficial uses. *Dallas Creek Water Co. v. Huey,* 933 P.2d 27, 35 (Colo.1997). Colorado law attempts to balance the need for conditional water rights against the risk of speculation by requiring the holder of the conditional right to act with reasonable diligence to complete the appropriation. *Id.* at 36. To that end, every six years, the holder of the water right must file an application for a finding of reasonable diligence with the water court. § 37–92–301(4)(a)(I), C.R.S. (2013). In other words, the holder must demonstrate that it is diligently working toward completing the conditionally decreed appropriation. *Dallas Creek Water Co.,* 933 P.2d at 36. The water court then publishes these applications in a monthly resume, and interested parties receive an opportunity to contest the extension of the conditional water rights. *Id.* at 38. Failure to timely file a diligence application results in abandonment of the water right. *Id.* at 37.

## B. The WCA's Holdover Provision

¶ 9 This case turns on whether the WCA's holdover provision contains any temporal or reasonableness requirement. Therefore, we must examine the language of the holdover provision. In examining a statute, we first consider its plain language and construe words and phrases according to the rules of grammar and common usage. *Jefferson Cnty. Bd. of Equalization v. Gerganoff,* 241 P.3d 932, 935 (Colo.2010); § 2–4–101, C.R.S. (2013). When the language of a statute is clear, we apply the statute as writ-

ten. *Specialty Rests. Corp. v. Nelson,* 231 P.3d 393, 397 (Colo.2010). We do not add words to a statute. *Boulder Cnty. Bd. Of Comm'rs v. HealthSouth Corp.,* 246 P.3d 948, 951 (Colo.2011). Only when the language is ambiguous do we resort to other rules of statutory construction. *Portercare Adventist Health Sys. v. Lego,* 2012 CO 58, ¶ 12, 286 P.3d 525.

¶ 10 Under section 37–45–114(1)(b), a director may remain in office beyond his term when no successor has been appointed and qualified: "Each director shall hold office during the term for which he is appointed and until his successor is duly appointed and has qualified...." Since our earliest days of statehood, we have held that as long as a statute provides that the incumbent should hold over until his successor is duly qualified, the incumbent remains in office at the expiration of his term as a de jure officer. *See, e.g., People ex rel. Lamm v. Banta,* 189 Colo. 474, 477–78 & n. 1, 542 P.2d 377, 379–80 & n. 1 (1975) (distinguishing "exercise the duties of such office," *see Walsh v. People ex rel. McClenahan,* 72 Colo. 406, 211 P. 646 (1922), from "hold office," *see People v. Osborne,* 7 Colo. 605, 4 P. 1074 (1884)). The plain language of the WCA provides, without limitation, that a director shall hold office for the original term and for the interim period between the termination of the term and the appointment and qualification of a successor. The legislature did not impose any additional temporal or reasonableness requirement regarding the length of a holdover term in this particular statute. As such, we decline to read either limitation into the statute. *See Colo. Dep't of Revenue v. Hibbs,* 122 P.3d 999, 1004 (Colo.2005) (refusing to imply an additional limitation into the statute by interpreting "verified" to mean "notarized").

¶ 11 Therefore, under the WCA, the holdover directors serve as de jure officers and had the authority to act as Board members. *See Consol. Sch. Dist. No. 31 v. Angus,* 85 Colo. 505, 507, 277 P. 466, 466 (1929)

---

1. Yellow Jacket also argues on appeal that even if its Board lacked a quorum, it nevertheless timely filed the diligence applications as required by section 37–92–301(4)(a)(I), C.R.S. (2013), meaning the water court should not have dismissed the applications. Because we hold that the Board's holdover directors had authority to act on behalf of the district, we decline to address this argument.

(explaining that a valid act by a de jure officer is binding). Consequently, because seven of the nine Yellow Jacket directors attended the September 29, 2009, meeting, a majority of directors were present, meaning the Board assembled a valid quorum. Therefore, the Board had authority to approve and file the diligence applications with the water court.

## IV. Conclusion

¶ 12 Because the holdover provision in the WCA allows for a holdover director to remain in office as a de jure officer and does not impose a temporal limit on a holdover director's authority to act on behalf of a district, Yellow Jacket's Board had authority to file the diligence applications. Accordingly, we reverse the judgment of the water court and remand for further proceedings consistent with this opinion.