Opinion by JUDGE GRAHAM
¶ 1 Plaintiff, Robert Cikraji, appeals the district court's order of summary judgment in favor of defendants, Daniel Snowberger, Superintendent, Durango Colorado District 9-R Public Schools; Andrew Burns, President, Durango Colorado District 9-R Public Schools; Roxanne Perrin, Athletic Director, Durango Colorado High School; David McMillian, Cross Country and Track and Field Coach, and Owner Operator of Running Organization, d/b/a COHIPAC; Paul Angelico, Commissioner, Colorado High School Activities Association; and Curt Wilson, President, Colorado High School Activities Association. We dismiss the appeal in part and affirm.
I. Background
¶ 2 The following facts are taken from plaintiff's complaint. Plaintiff's son C.C. was a freshman at Durango High School (DHS) in 2013. C.C. was a member of the DHS cross country team and he agreed to be bound by the Colorado High School Activities Association (CHSAA) bylaws.
¶ 3 Plaintiff requested permission to remove C.C. from school to go on a trip to Ohio. While in Ohio, C.C. competed in the United States Air Force 10k held at the Wright Patterson Air Force Base. C.C. won the overall 10k and the Durango Herald noted his accomplishment in its Sunday edition.
¶ 4 On September 24, 2013, when plaintiff and C.C. returned from Ohio, plaintiff met with defendant Perrin, DHS's athletic director, who told plaintiff that C.C. would be disciplined for violating the CHSAA Outside Competition Rule. The rule states that "[p]layers certified to participate as members of any high school sport team may compete on any other team, in any non-school activity or event in that sport during that sports season with the express written permission of the principal." It is undisputed that C.C. did not receive permission to compete in the 10k.
¶ 5 When C.C. came home from school that day, he told plaintiff that defendant McMillian, DHS's cross country coach, had informed the cross country team that he had violated the CHSAA bylaws, he "may have caused the entire team to be denied the right to compete in the Colorado state cross country championship meets," and he was being suspended. C.C. was suspended from a single cross country meet scheduled for the weekend of September 27, 2013.
¶ 6 Plaintiff e-mailed various defendants about C.C.'s suspension and attended a Durango Board of Education meeting where he argued defendant McMillian's behavior was bullying prohibited by the school district's policy. On November 1, 2013, plaintiff examined and inventoried C.C.'s academic file.
¶ 7 On January 27, 2014, plaintiff filed a pro se complaint in La Plata County District Court alleging defendants violated his and C.C.'s "rights." Specifically, plaintiff alleged (1) lack of subject matter jurisdiction; (2) tortious interference with parental rights/abuse of process; (3) tortious interference with contract; (4) intentional infliction of emotional distress; (5) defamation; and (6) violation of due process.[1] Defendants filed motions to dismiss and plaintiff filed a motion for summary judgment. Because plaintiff attached exhibits to his responses to the *576 motions to dismiss, the district court converted all the motions to motions for summary judgment.
¶ 8 In a thorough and well-reasoned opinion, the court denied plaintiff's requested summary judgment and entered judgment in favor of defendants. In pertinent part, the court concluded plaintiff failed to establish that he followed the notice provisions of the Colorado Governmental Immunity Act (CGIA), section 24-10-101 to - 120, C.R.S.2014, and, therefore, the court was without jurisdiction to consider his claims. Plaintiff appeals.
II. Noncompliant Briefs
¶ 9 Initially, we note that plaintiff's opening brief does not comply with C.A.R. 32(a)(1) because it is not in fourteen point font; C.A.R. 32(b)(2) because it is not double spaced; C.A.R. 28(g) because it exceeds 9500 words or, if double spaced, it would exceed thirty pages; and C.A.R. 28(e) and this court's April 4, 2014, Policy on Citations to the Record, because it fails to provide record citations.
¶ 10 The appellate rules are not mere technicalities, but are designed to facilitate appellate review. O'Quinn v. Baca, 250 P.3d 629, 631 (Colo.App.2010). Although plaintiff is bound by the same procedural rules as a party represented by an attorney, we take into account that he appears pro se,[2] see Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564, 572 (Colo.2000), and elect to address his appellate contentions, to the extent we can discern them. However, we will not comb the record for facts supporting plaintiff's arguments that were not cited in his brief. See People v. Vecellio, 2012 COA 40, ¶ 55, 292 P.3d 1004 ; Bruce v. City of Colorado Springs, 252 P.3d 30, 31 (Colo.App.2010).
III. Unauthorized Practice of Law
¶ 11 In the district court and on appeal, plaintiff makes a variety of claims on behalf of his son C.C. In particular, plaintiff's first, third, fourth, fifth, and sixth claims for relief in the complaint all allege injuries to C.C.
¶ 12 "The Constitution of the State of Colorado guarantees to every person the right of access to courts of justice." In re Marriage of Kanefsky, 260 P.3d 327, 329 (Colo.App.2010) (citing Colo. Const. art. II, § 6 ; Bd. of Cnty. Comm'rs v. Howard, 640 P.2d 1128, 1129 (Colo.1982) ). "In Colorado, that guarantee allows persons to represent their own interests in legal proceedings." Id.
However, no one is permitted to "commence, conduct, or defend any action, suit, or plaint in which he is not a party concerned in any court of record within this state ... without having previously obtained a license for that purpose from the supreme court." § 12-5-101, C.R.S. 20[14]; see also People ex rel. Meyer v. LaPorte Church of Christ, 830 P.2d 1150, 1152 (Colo.App.1992) (nonlawyer pastor's representing his church was prohibited under section 12-5-101 ). "[O]ne who acts in a representative capacity in protecting, enforcing, or defending the legal rights and duties of another and in counselling, advising and assisting him in connection with these rights and duties is engaged in the practice of law." [ Denver Bar Ass'n v. Pub. Utils. Comm'n, 154 Colo. 273, 279, 391 P.2d 467, 471 (1967) ]; accord In re Boyer, 988 P.2d 625, 626-27 (Colo.1999) ; see also § 12-5-112, C.R.S. 20[14] (it is contempt of court for anyone not licensed to appear "in any court of record in this state to conduct a suit, action, proceeding, or cause for another person"); Watt, Tieder, Killian & Hoffar v. U.S. Fidelity & Guar. Co., 847 P.2d 170, 172 (Colo.App.1992) (same); see also Drake v. Superior Court, 21 Cal.App.4th 1826, 26 Cal.Rptr.2d 829, 831 (1994) ("By definition, one cannot appear in 'propria' persona for another person.").
Id. at 329-30. "A person engages in practicing law when, among other things, he or she offers legal advice about a specific case, drafts or selects legal pleadings for another's use in a judicial proceeding without being supervised by an attorney, or holds oneself *577 out as representing another in a legal action." Id. at 330.
¶ 13 Here, plaintiff is the only named plaintiff in the lawsuit. However, his claims are almost exclusively claims belonging to his son and in his complaint plaintiff states "Plaintiff ... is additionally representing the interests of his minor child [C.C.]...." By filing legal documents and acting on his son's behalf, plaintiff is engaged in the practice of law. See id. The fact that plaintiff is C.C.'s father does not alter this conclusion. Cf. id. ; People v. Shell, 148 P.3d 162, 171 (Colo.2006) (nonlawyer advocate may not represent parents in dependency and neglect proceedings); see Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986) ("We hold ... a minor child cannot bring suit through a parent ... if the parent is not represented by an attorney."); see also Osei-Afriyie v. Med. College of Pa., 937 F.2d 876, 882-83 (3d Cir.1991) (remanding appeal sua sponte because father, while having the right to hire an attorney for his injured minor children, did not have the right to represent minor children in court himself).
¶ 14 Because plaintiff is not a licensed attorney in Colorado, he cannot represent his son in court proceedings without an attorney. Those portions of plaintiff's appeal representing his son are dismissed with prejudice. See LaPorte Church, 830 P.2d at 1152 (dismissing appeal); cf. Shell, 148 P.3d at 167 (finding lay advocate in contempt and assessing fines).
IV. Failure to Comply with the CGIA
¶ 15 Because plaintiff is pro se, it is often difficult to discern from the opening brief when plaintiff is advocating for himself individually or his son. To the extent that plaintiff's arguments on appeal address only alleged injuries to himself, we conclude the district court properly granted summary judgment in favor of defendants because plaintiff failed to establish compliance with the CGIA.
A. Standard of Review
¶ 16 We review de novo an order granting summary judgment. Yellow Jacket Water Conservancy Dist. v. Livingston, 2013 CO 73, ¶ 6, 318 P.3d 454. Summary judgment is proper only when the pleadings and supporting documents show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c) ; Colo. Cmty. Bank v. Hoffman, 2013 COA 146, ¶ 36, 338 P.3d 390. In determining whether summary judgment is proper, a court grants the nonmoving party any favorable inferences reasonably drawn from the facts and resolves all doubts in favor of the nonmoving party. Colo. Cmty. Bank, ¶ 36. In responding to a properly supported summary judgment motion, however, the nonmoving party may not rest on mere allegations in its pleadings but must provide specific facts demonstrating the existence of a genuine issue for trial. Id. ; accord C.R.C.P. 56(e).
¶ 17 "Whether a claimant has satisfied the CGIA timely notice requirement is a mixed question of law and fact." City & Cnty. of Denver v. Crandall, 161 P.3d 627, 633 (Colo.2007). "We uphold a trial court's findings of jurisdictional facts unless they are clearly erroneous." Id. "We review a trial ... court's legal conclusion de novo." Id.
B. Law and Analysis
¶ 18 Tort claims against public employees are subject to the notice requirements of the CGIA. § 24-10-106, C.R.S.2014. The CGIA requires that anyone who has a claim against a state employee must file a written notice of the claim "within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury." § 24-10-109(1), C.R.S.2014. "Complying with the notice of claim is a jurisdictional prerequisite to suit." Gallagher v. Bd. of Trs. for Univ. of N. Colo., 54 P.3d 386, 391 (Colo.2002) ; accord § 24-10-109(1) ("[F]ailure of compliance shall forever bar any such action.").
¶ 19 "The trial court is the pre-trial fact-finder to determine whether notice was timely filed." Crandall, 161 P.3d at 632. "[T]he plaintiff must carry the burden of proving jurisdictional facts adequate to support subject matter jurisdiction." Id.
*578 ¶ 20 Here, the district court concluded, and we agree, that plaintiff failed to carry his burden to prove compliance with the notice requirement of the CGIA. In his complaint plaintiff did not address the notice requirements of the CGIA. In response to defendants' motions to dismiss, plaintiff attached e-mails he sent to various defendants as proof he provided notice under the CGIA. However, these e-mails do not contain the information required under section 24-10-109(2), and they were not properly served under section 2410-109(3). Indeed, despite the notice's substantial compliance standard, see Brock v. Nyland, 955 P.2d 1037, 1041 (Colo.1998), overruled by Finnie v. Jefferson Cnty. Sch. Dist. R-1, 79 P.3d 1253 (Colo.2003), the e-mails plaintiff relies upon are woefully inadequate to satisfy section 24-10-109.
¶ 21 Because failure to comply with the CGIA deprives the court of jurisdiction to hear plaintiff's claims, see Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey, 8 P.3d 1200, 1206 (Colo.2000), the district court properly dismissed plaintiff's complaint.[3]
V. Appellate Attorney Fees
¶ 22 We decline defendant Angelico's and defendant Wilson's request for appellate attorney fees. "Appellate attorney fees are awardable under C.A.R. 39.5 only if the requesting party states a legal basis for recovery." In re Marriage of Wells, 252 P.3d 1212, 1216 (Colo.App.2011) (appellate attorney fees are only awardable where the requesting party states a legal basis for recovery). Because these defendants failed to state a legal basis for their request, they are not entitled to appellate attorney fees. However, under C.A.R. 39(a), appellant will be responsible for the costs of all defendants on appeal.
VI. Conclusion
¶ 23 Those portions of the appeal plaintiff filed on behalf of C.C. are dismissed with prejudice and the judgment is otherwise affirmed.
Casebolt and Dunn, JJ., concur

As is further discussed in Part III, nothing suggests that plaintiff was himself injured or is a real party in interest in this action.

It appears that plaintiff may be a member of the Ohio Bar.

Plaintiff makes the following bare assertion in his brief: "David McMillian is an independent contractor with District 9R to coach cross country and track. His full time employment during 20132014 was with St. Columna School in Durango Colorado. As a contractor McMillian is not subject to the Colorado Governmental Immunities Act provisions. (C.R.S. 24-10-104 )." We do not consider bald factual or legal assertions presented without argument or development. See SR Condos., LLC v. K.C. Constr., Inc., 176 P.3d 866, 869 (Colo.App.2007) ; C.A.R. 28(a)(4) ("The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on ." (emphasis added)).