**Larry R. RICHARDS, Petitioner,**

v.

**WINTER PARK RECREATIONAL AS-SOCIATION, and the Industrial Claim Appeals Office, Respondents.**

No. 95CA2035.

Colorado Court of Appeals, Div. V.

May 16, 1996.

**934**

Larry R. Richards, pro se.

No appearance for Respondent Winter Park Recreational Association.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jeannette W. Kornreich, Assistant Attorney General, Denver, for Respondent Industrial Claim Appeals Office.

Opinion by Judge CASEBOLT.

Petitioner, Larry R. Richards (claimant), seeks review of a final order of the Industrial Claim Appeals Panel (Panel) that disqualified him from the receipt of unemployment compensation benefits. At issue is whether a finding of "wilful intent" is necessary before a claimant may be determined to be "at fault" for his own job termination. We conclude that no such finding is necessary and, therefore, affirm.

Winter Park Recreational Association (employer) discharged claimant from his job as a lift technician after he represented to his supervisor that he had performed a crucial pre-operational chairlift test, but had failed to do so. After a hearing, a hearing officer determined that claimant had not "willfully" forgotten to perform the test and, therefore, concluded that he was not at fault for his separation. Accordingly, claimant was awarded benefits.

On appeal, the Panel determined that the hearing officer had utilized the wrong legal standard in determining whether claimant was at fault and set aside the hearing offi-cer's conclusion to that effect. The Panel disqualified claimant from the receipt of benefits based on its conclusion that he had failed to meet established job performance or other defined standards and was at fault for his separation. This review proceeding followed.

Claimant contends that he should have been awarded benefits because he was not at fault for his separation. We disagree.

Here, based on substantial evidence, the hearing officer found that claimant's duties as a lift technician included performing certain safety tests on ski lifts prior to their being operated for public use. In the incident leading to claimant's termination, claimant and his supervisor performed the pre-operational tests on one chairlift. The claimant responded affirmatively when his supervisor repeatedly asked him whether he had completed all of the tests.

However, the hearing officer further found that claimant had forgotten to perform an anti-collision test, a crucial test which was necessary to ensure that the lift chairs would not collide in an emergency. When his supervisor informed him that this test had not been performed, the claimant acknowledged his failure to perform the test. Claimant told his supervisor that he had been preoccupied and had forgotten to perform the test.

■ An individual is entitled to unemployment benefits if he or she is unemployed through no fault of his or her own. *See* § 8–73–108(1)(a), C.R.S. (1986 Repl.Vol. 3B). However, neither statutory nor case law has imposed a state of mind requirement that a claimant must act with "willful intent" before a determination of fault may be made. To the contrary, "fault" is not necessarily related to culpability, but only requires a volitional act or the exercise of some control or choice in the circumstances leading to the discharge from employment such that the claimant can be said to be responsible for the termination. *See Gonzales v. Industrial Commission,* 740 P.2d 999 (Colo.1987); *Zelingers v. Industrial Commission,* 679 P.2d 608 (Colo.App.1984).

We therefore agree with the Panel that the hearing officer used an erroneous legal standard in determining whether claimant was at fault, and thus, his conclusion was properly set aside.

 We also agree with the Panel's conclusions that claimant was at fault for his separation and that he should be disqualified from the receipt of benefits pursuant to § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl.Vol. 3B).

Section 8–73–108(5)(e)(XX) provides, *inter alia,* for a disqualification if a claimant has been discharged for failing to meet established job performance or other defined standards. All that is required to establish a disqualification pursuant to this subsection is a showing that the claimant did not do the job for which the claimant was hired and which the claimant knew was expected of him or her. *See Pabst v. Industrial Claim Appeals Office,* 833 P.2d 64 (Colo.App.1992).

Here, it was undisputed that claimant knew that he was required to perform the anti-collision test as part of the pre-operational lift safety tests, that he knew how to perform the anti-collision test, and that he had performed it many times in the past. It is also undisputed that he initially failed to perform it in this instance, despite his representations to his supervisor that he had done so.

Further, neither the hearing officer's evidentiary findings nor the undisputed evidence provides a basis to conclude that claimant's failure to perform this test was somehow nonvolitional. *Cf. Nielsen v. AMI Industries, Inc.,* 759 P.2d 834 (Colo.App. 1988) (claimant could not act volitionally because he had not been made aware of unwritten policy); *Frontier Airlines, Inc. v. Industrial Commission,* 719 P.2d 739 (Colo.App. 1986) (unforeseen circumstances prevented claimant from working an entire shift after he turned in time card reporting that he had worked entire shift). Also, even if we assume, as the hearing officer found, that the claimant's supervisor was responsible for checking claimant's work, this would not absolve the claimant of his own responsibility to perform the test in the first instance.

The hearing officer's evidentiary findings and the undisputed record evidence support the conclusion that the claimant was discharged for failing to meet employer's established job performance or other defined standards and that he was at fault for his termination. Therefore, the Panel did not err in disqualifying claimant pursuant to § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl.Vol. 3B). *See Pabst v. Industrial Claim Appeals Office, supra.*

Accordingly, the Panel's order is affirmed.

ROTHENBERG and TAUBMAN, JJ., concur.