**Eileen F. PERO, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE of Colorado and MediaOne of Delaware, Inc., Respondents.**

No. 01CA1841.

Colorado Court of Appeals,
Div. IV.

Feb. 28, 2002.

Eileen F. Pero, Pro Se.

Ken Salazar, Attorney General, Mark Gerganoff, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

No Appearance for Respondent MediaOne of Delaware, Inc.

Opinion by Judge VOGT.

In this unemployment benefits case, petitioner, Eileen F. Pero (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel upheld a hearing officer's decision that a lump sum payment received by claimant in connection with her separation from employment with MediaOne of Delaware, Inc. (employer), constituted a "severance allowance" under the statutory scheme governing her unemployment claim. We affirm.

Claimant received a lump sum payment of $43,362.69, the equivalent of thirty-nine weeks of her salary, upon her separation from employment. This payment was deemed a severance allowance under § 8–73–110(1), C.R.S.2001, thereby reducing claimant's eligibility for unemployment benefits in accordance with §§ 8–73–107(1)(f) & 8–73–110(1)(a)(III), C.R.S.2001.

Following a hearing, the hearing officer modified and affirmed the administrative decision as to weeks of disallowance and affirmed the decision as to reduction in maximum benefits payable. The Panel affirmed.

I.

Claimant argues on appeal that, because she was required to sign a waiver or release of any claims against her employer in order to receive this lump sum payment, the payment cannot be considered a severance allowance under *Moore v. Digital Equipment Corp.*, 868 P.2d 1170 (Colo.App.1994). We disagree.

Pursuant to § 8–73–110(1)(b), C.R.S.2001, any remuneration received by a claimant as "compensation for weeks not worked after separation" is deemed to be a severance allowance if it is specified as a dollar amount or as a number of weeks.

In *Moore*, a division of this court held that payments to employees upon their termination were not "severance allowances" within the meaning of § 8–73–110(1) because the primary purpose of the payments was to obtain a release of claims.

Claimant's reliance on *Moore* is misplaced. First, after that case was decided, § 8–73–110(1) was amended. It now provides that the inclusion in a separation agreement of "other settlement considerations that are not severance allowances" does not affect the status of remuneration as a severance allowance. *See* 1996 Colo. Sess. Laws ch. 9, § 8–73–110(1)(b) at 28.

Second, in contrast to *Moore*, the hearing officer in this case found that the primary purpose of the payment was *not* to obtain a release of claims, but to provide additional compensation after separation.

There is evidence in the record to support that factual determination. Employer's witness testified that "the biggest motivation" for the payment was to provide "a decent cushion" to displaced employees. Moreover, the separation agreement itself refers to this payment as "severance pay" provided by employer to assist claimant in her transition from her job. In its written response to the initial claim, employer also checked the box designating this payment as a severance allowance intended to compensate claimant for weeks not worked after separation. Finally, although the separation agreement required claimant to waive any claims against employer, there is no indication that she had any

such claims or that the amount paid represented anything other than the number of weeks of salary to which she was entitled.

Because there was substantial evidence to support the hearing officer's findings concerning the purpose of the lump sum payment, these findings are binding on review. *See* § 8–74–107(4), C.R.S.2001; *Tilley v. Indus. Claim Appeals Office,* 924 P.2d 1173 (Colo.App.1996). The Panel thus properly upheld the hearing officer's resolution of this issue.

## II.

Claimant's arguments concerning allegedly inconsistent administrative rulings in other unemployment cases likewise provide no basis for overturning the hearing officer's determination in this case.

Our review, like that of the Panel, is restricted to the evidence in the record made before the hearing officer in this case. *See* § 8–74–107, C.R.S.2001. Contrary to claimant's suggestion, we have no access to, and in any event may not consider, the administrative records of claimants whose cases are not before us.

Other than a hearing officer's decision in a related case, in which employer did not appear, there is no evidence in this record of the circumstances surrounding the other employees' asserted receipt of unemployment benefits. Nor is there evidence that any disparate awards were based on age or gender discrimination, as claimant contends.

Because the record in this case supports the hearing officer's ruling that claimant's payment was a severance allowance, that determination must be sustained on review, regardless of the disposition of any similar issues in separate cases involving other claimants.

The Panel's order is affirmed.

Judge MARQUEZ and Judge TAUBMAN concur.