**Alex E. LASZAR, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Saks Fifth Avenue, Respondents.**

**No. 09CA2475.**

Colorado Court of Appeals,
Div. B.

March 18, 2010.

Alex E. Laszar, Pro Se.

No Appearance for Respondents.

Opinion by Judge HAWTHORNE.

In this unemployment benefits case, petitioner, Alex E. Laszar (claimant), appeals a final order of the Industrial Claim Appeals Office (Panel) that affirmed a hearing officer's decision precluding claimant from receiving unemployment benefits for a specified period based on his withdrawing money from a retirement account. We affirm.

## I. Background

Claimant worked as a sales person for Saks Fifth Avenue (employer) for thirteen years and separated from that employment in August 2008. Claimant had both a 401(k) retirement account and a pension plan with employer, to which employer had made contributions.

After separating, claimant received a $58,827.00 distribution payment from the 401(k) retirement account and reinvested that amount in a qualified individual retirement account (IRA). Claimant also received a $16,508.15 distribution payment from the pension plan which he reinvested in the same IRA, for a total of $75,335.15. However, approximately four to five months later, claimant withdrew $10,000 from the IRA to help purchase a house.

Because claimant did not reinvest the distributions' entire amount in the new IRA for a period of at least one year as required under section 8–73–110(3), C.R.S.2009, the hearing officer determined that claimant was precluded from receiving benefits for a prescribed period under that section.

Claimant appealed the hearing officer's decision and the Panel affirmed.

## II. Analysis

On appeal, claimant contends that the hearing officer and the Panel misapplied the applicable law, reaching an incorrect result. We are not persuaded.

### A. Legal Framework

Section 8–73–110(3)(a)(I), C.R.S.2009, specifies that, except as provided in section 8–73–

110(3)(a)(II), C.R.S.2009, "an individual's weekly benefit amount shall be reduced ... by ... (C) [t]he prorated weekly amount of any other similar ... lump-sum retirement payment from a plan ... which has been contributed to by a base period employer."

Section 8–73–110(3)(a)(III), C.R.S.2009, further provides that if an individual receives a lump-sum retirement payment from a plan contributed to by a base period employer and the payment fails to meet all the criteria in section 8–73–110(3)(a)(II), the individual is deemed to have received his or her "full-time weekly wage for a number of consecutive weeks equal to the total amount of the lump-sum retirement payment, divided by the full-time weekly wage."

Thus, to avoid the provisions of section 8–73–110(3)(a)(I)(C) and (III), an individual receiving a lump-sum distribution from an applicable retirement plan must satisfy all the criteria under section 8–73–110(3)(a)(II). That section provides, in pertinent part, as follows:

> An individual's weekly benefit amount shall not be reduced when an individual receives a lump-sum retirement payment from a plan ... contributed to by a base period employer when all of the following conditions are met:
>
> (A) The individual's separation from the employer awarding the payment is not due to a retirement ...;
>
> (B) The individual presents proof ... that this total payment has been reinvested into an [IRA] or KEOGH plan ... and such proof establishes that the investment is for a duration of at least one year....

## B. Application

As noted, the hearing officer found that claimant's $75,335.15 distribution payment was from a retirement plan to which a base period employer had contributed. The hearing officer also found that, although claimant initially reinvested the entire distribution payment in the new IRA, he shortly thereafter withdrew $10,000 from the IRA to help purchase a house.

Because substantial record evidence supports these findings, we may not disturb them on review. *See* § 8–74–107(4), C.R.S. 2009; *Pero v. Indus. Claim Appeals Office,* 46 P.3d 484, 486 (Colo.App.2002). Moreover, these findings support the hearing officer's and the Panel's determinations that claimant failed to satisfy all the criteria of section 8–73–110(3)(a)(II), and specifically, the requirement that the "total payment" be reinvested into an IRA or KEOGH plan for at least one year.

Although it may seem harsh to use the full $75,335.15 distribution payment in calculating the number of consecutive weeks claimant is deemed to have received his full-time weekly wage, we must apply the statute as it is written, and section 8–73–110(3)(a)(III) specifically requires calculation based on "the total amount of the lump-sum retirement payment." Furthermore, section 8–73–110(3)(c), C.R.S.2009, defines "lump-sum retirement payment" as "the entire balance due the individual from the plan, fund, or trust that has been contributed to by a base period employer."

We also find that claimant has not established that section 8–73–110(3)(a)(II)(B) is applicable. That section provides that a lump-sum retirement payment is not "received" by an individual "until the entire balance has been so received," and that if a portion of the payment is ineligible for reinvestment and an individual demonstrates that the full eligible portion has been reinvested, only the uninvested portion will be prorated as wages to disallow benefits.

Claimant received the entire balance on receiving the $16,508.15 distribution. In addition, there is no evidence that any portion of the distribution payments he received were "ineligible" for reinvestment. Rather, claimant initially invested the entire amount he received in the IRA.

Finally, we agree with the Panel that the decision in *Redin v. Empire Oldsmobile, Inc.,* 746 P.2d 52 (Colo.App.1987), does not require a different result. That case was decided under a prior version of section 8–73–110(3) which did not have the same requirements as the present statute.

Therefore, we conclude that both the hearing officer and the Panel correctly applied section 8–73–110(3) in this case.

The Panel's order is affirmed.

Judge ROMÁN and Judge BERNARD concur.