24CA0735 Jones v ICAO 10-17-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0735
Industrial Claim Appeals Office of the State of Colorado
DD No. 463-2024

Douglas Jones,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and T Mobile USA, Inc.,

Respondents.

ORDER AFFIRMED

Division I
Opinion by JUDGE SULLIVAN
J. Jones and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

Douglas Jones, Pro Se

No Appearance for Respondents

¶ 1     Claimant, Douglas Jones, seeks review of a final order of the Industrial Claim Appeals Office (Panel) disqualifying him from receiving benefits based on his job separation from T-Mobile USA, Inc.  We affirm.

## I.     Background

¶ 2     Jones worked as a technical service expert from May 27, 2014, until November 7, 2023, when T-Mobile terminated his employment.  A deputy for the Division of Unemployment Insurance initially determined that Jones was eligible for benefits.  T-Mobile appealed the deputy's determination and requested a hearing.  A hearing officer reversed the deputy's determination, concluding that Jones was disqualified from receiving benefits under section 8-73-108(5)(e)(XX), C.R.S. 2024 (failure to meet established job performance or other defined standards).  The hearing officer credited testimony from Jones's supervisor, Michelle Arnold, that Jones had violated company policy on at least two occasions.  Jones appealed to the Panel, which affirmed the hearing officer's decision.

## II.     Analysis

¶ 3     Proceeding pro se on appeal, Jones contends that his due process rights were violated, the hearing officer failed to fully

develop the record, and the reason for his termination wasn't "factually established." Having thoroughly reviewed the record, we affirm the Panel's order.

## A. Legal Principles and Standard of Review

¶ 4 We will uphold the Panel's decision unless the findings of fact don't support the decision or the decision is erroneous as a matter of law. § 8-74-107(6)(c)-(d), C.R.S. 2024; *see Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17.

¶ 5 An individual is entitled to receive unemployment benefits if he is unemployed through no fault of his own. *See* § 8-73-108(1)(a). For purposes of the unemployment statutes, "fault" includes "a volitional act or the exercise of some control or choice in the circumstances leading to the discharge from employment such that the claimant can be said to be responsible for the termination." *Richards v. Winter Park Recreational Ass'n*, 919 P.2d 933, 934 (Colo. App. 1996).

¶ 6 Whether a claimant is at fault for the separation from employment is an "ultimate legal conclusion," *Mesa Cnty. Pub. Libr. Dist.*, ¶ 17, and requires a case-specific consideration of the totality

of the circumstances using an objective standard. *Morris v. City & Cnty. of Denver*, 843 P.2d 76, 79 (Colo. App. 1992).

## B.    Discussion

¶ 7     The hearing officer determined that Jones was disqualified from receiving unemployment benefits due to his failure to meet established job performance or other defined standards under section 8-73-108(5)(e)(XX).  A claimant is properly disqualified under this subsection if he knew what was expected of him and failed to "satisfactorily perform the job thereafter." *Pabst v. Indus. Claim Appeals Off.*, 833 P.2d 64, 64-65 (Colo. App. 1992).

¶ 8     The hearing officer credited Arnold's testimony that Jones gave customer account access to an unauthorized party in violation of T-Mobile's confidentiality policies.  Arnold also testified that Jones received training on October 11, 2023, to discuss the policy violation and ensure that he understood the concept of unauthorized access to customer accounts.  The hearing officer also had in the record a "notice of no longer in good standing."  The notice, part of Exhibit AA, contained the following statement: "It is important for you to understand that additional problems or failure to sufficiently improve and sustain your conduct may lead to

further action up to and including termination of employment." Jones signed the notice on October 17, 2023. Then, ten days later, Jones made a call in which he disclosed confidential information to an unauthorized third party. T-Mobile terminated Jones's employment as a consequence of these policy violations.

¶ 9 The hearing officer concluded that Jones was aware of T-Mobile's policies on safeguarding confidential information based on both his initial employee orientation and the employee handbook. The hearing officer determined that Jones failed to meet established job standards and was therefore disqualified from benefits. The Panel affirmed the hearing officer's determination, finding it was supported by the record evidence.

¶ 10 Jones first contends that his due process rights were violated because he wasn't allowed to more fully cross-examine Arnold. But the transcript shows that he was able to thoroughly cross-examine Arnold twice during the hearing. He was also allowed to testify extensively as to why he thought his termination wasn't justified. In unemployment benefit hearings, due process only requires that a party be given an opportunity to be heard. *Norton v. Colo. State. Bd. of Med. Exam'rs*, 821 P.2d 897, 901-02 (Colo. App. 1991). Like the

4

Panel, we conclude that Jones was provided with a fair opportunity to be heard, and we discern no due process violation from the record. *See Wafford v. Indus. Claim Appeals Off.*, 907 P.2d 741, 743 (Colo. App. 1995) (noting that "fundamental fairness" is the essence of due process in unemployment compensation proceedings).

¶ 11     Jones also contends that the hearing officer didn't fully develop the record. He alleges that T-Mobile failed to provide the hearing officer with a specific policy regarding releasing "dealer codes." But when the hearing officer asked Jones if a continuance was needed to consider additional evidence, Jones replied in the negative. The record reflects that one of T-Mobile's privacy policies, part of Exhibit AA and entitled "CPNI Policy," prohibits disclosure of confidential information. Arnold testified that giving out a dealer code was considered CPNI information. Thus, the record sufficiently supports the hearing officer's conclusions, regardless of whether a more specific policy was provided.

¶ 12     Finally, Jones asserts that the reason for his termination wasn't adequately established, and that he didn't engage in "willful misconduct." We note that in the unemployment context, "fault" isn't necessarily related to culpability, but is defined as a volitional

5

act or the exercise of some control in light of the totality of the circumstances. *See Richards*, 919 P.2d at 934. The record shows numerous "coaching sessions" and several incidents where Jones received further training about T-Mobile's expectations over his years with T-Mobile. Arnold testified that Jones was aware of the relevant policies and violated them on at least two occasions. While Jones testified that he wasn't aware that his actions violated T-Mobile policies, the hearing officer is tasked with assessing the witnesses' credibility, resolving any conflicts in the evidence, and determining the weight to be accorded the evidence. *See Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1176 (Colo. App. 1996). We discern no error in the hearing officer's weighing of the evidence surrounding the termination of Jones's employment.

¶ 13    After careful review, we conclude that the hearing officer correctly found that Jones knew what was expected of him yet failed to satisfactorily perform the job thereafter, as required by section 8-73-108(5)(e)(XX). Because this was a reasonable inference from the record, we are bound by it. *See Pero v. Indus. Claim Appeals Off.*, 46 P.3d 484, 486 (Colo. App. 2002). The Panel didn't err as a matter of law in affirming the hearing officer's order.

## III.   Disposition

¶ 14    We affirm the Panel's order.

JUDGE J. JONES and JUDGE LIPINSKY concur.