24CA1037 Durst v ICAO 11-07-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1037
Industrial Claim Appeals Office of the State of Colorado
DD No. 7999-2024

Gabriel Durst,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Jefferson
Hospitality LTD RLLLP,

Respondents.

ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Brown and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 7, 2024

Gabriel Durst, Pro Se

No appearance for Industrial Claim Appeals Office

Hall & Evans, L.L.C., Andrew D. Ringel, Denver, Colorado, for Respondent
Jefferson Hospitality LTD RLLLP

¶ 1    In this unemployment benefits case, claimant, Gabriel Durst, seeks review of the final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer's determination that Durst was ineligible for unemployment benefits under section 8-73-108(5)(e)(XX), C.R.S. 2024, because he was at fault for the termination. We affirm the Panel's order.

## I.    Background

¶ 2    Durst was fired from his job as a general manager for a hotel after having worked there for about eight months. He applied for unemployment benefits and a deputy for the Division of Unemployment Insurance (Division) determined that Durst was eligible for unemployment benefits based on his job separation.

¶ 3    Durst's employer appealed the deputy's decision. At the hearing, one of the employer's owners testified that he terminated Durst because Durst had given himself an unauthorized raise of $11,000 without prior approval of the ownership group and had falsely told the employer's accountant that the raise had been approved by the owners. Durst, in contrast, testified that the raise was authorized because it was part of his negotiated employment package and in line with three other raises that he had given

himself in the preceding months when higher paid managerial employees had left the company.

¶ 4    The hearing officer reversed the deputy's decision, finding that Durst had given himself an unauthorized raise and, therefore, was at fault for the termination.  Consequently, the hearing officer concluded that Durst was disqualified for unemployment benefits under section 8-73-108(5)(e)(XX), which provides for disqualification from benefits when a claimant fails to meet established job performance norms.

¶ 5    Durst appealed the hearing officer's decision, and on review, the Panel affirmed the hearing officer's determination.  The Panel determined that the employer's testimony at the hearing supported the hearing officer's finding that Durst was at fault for the termination because he gave himself an unauthorized raise, and thus, was disqualified under section 8-73-108(5)(e)(XX).

## II.    Standard of Review and Applicable Law

¶ 6    As relevant here, we may set aside the Panel's decision only if the findings of fact don't support the decision or if the decision is erroneous as a matter of law.  *See* § 8-74-107(6)(c)-(d), C.R.S. 2024.

¶ 7     As for the hearing officer's factual findings, we may not disturb them if they are "supported by substantial evidence or reasonable inferences drawn from that evidence." *Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 10.  The hearing officer assesses the witnesses' credibility, resolves any conflicts in the evidence, and determines the weight to be accorded the evidence.  *See Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1176 (Colo. App. 1996).  In making those determinations, the hearing officer is not required to address specific evidence or testimony that the hearing officer doesn't find persuasive or make specific credibility determinations.  *Id.* at 1177.

¶ 8     We, like the Panel, may not reweigh the evidence presented or disturb the hearing officer's credibility determinations if they are supported by substantial evidence in the record.  *See* § 8-74-107(4) (administrative findings of fact are conclusive if supported by substantial evidence and in the absence of fraud); *see also QFD Accessories, Inc. v. Indus. Claim Appeals Off.*, 873 P.2d 32, 33 (Colo. App. 1993) (a court may not disturb hearing officer's resolution of conflicting testimony when the credited testimony wasn't incredible as a matter of law).  Rather, we must accept a hearing officer's

3

factual findings that are supported by substantial evidence or reasonable inferences drawn from that evidence. *See Yotes*, ¶ 10.

¶ 9     A worker's entitlement to unemployment benefits depends on the reason for the separation from employment. *Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 623 (Colo. App. 2001). The reason for the separation is a question for the hearing officer as the trier of fact. *See Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).

¶ 10     Eligible individuals are entitled to receive unemployment benefits if they are unemployed through no fault of their own. § 8-73-108(1)(a). "Fault" doesn't necessarily require culpability but only requires "a volitional act or the exercise of some control or choice in the circumstances leading to the discharge from employment such that the claimant can be said to be responsible for the termination." *Richards v. Winter Park Recreational Ass'n*, 919 P.2d 933, 934 (Colo. App. 1996). In other words, an employee's voluntary conduct that causes their unemployment "may result in such individuals receiving a disqualification." § 8-73-108(1)(a).

¶ 11     Subject to exceptions not applicable here, a claimant may be disqualified from receiving benefits when the separation from

employment occurs for a "failure to meet established job performance or other defined standards." § 8-73-108(5)(e)(XX); *see also Richards*, 919 P.2d at 935 (disqualification under section 8-73-108(5)(e)(XX) is proper upon a showing that the claimant failed to do the job for which he was hired and which he knew was expected of him).

## III.   Discussion

¶ 12     On appeal, Durst asserts that the hearing officer's findings aren't supported by the evidence.  Specifically, he argues that the hearing officer and Panel failed to consider (1) his testimony about the agreement he had with one of the owners when he was hired that guaranteed him raises to bring his salary up to $101,000; (2) that the most recent $11,000 raise was consistent with three other raises he had given himself and that the employer never disputed; and (3) the evidence he had, in the form of text messages, demonstrating the real motive for his termination.  After reviewing the record evidence and applying our applicable standard of review, we perceive no basis to reverse the Panel's order affirming the hearing officer's decision.

¶ 13    Crediting the employer's testimony, the hearing officer found that (1) the employer had discussed the possibility of a raise with Durst when he first hired him, but no specific date for the raise was determined; (2) the raise would occur after the busy season; and (3) the raise would be contingent on a performance review and the employer's financial condition. The hearing officer further found that Durst had authorized the accountant to give him an $11,000 raise without discussing it with the employer. Based on those findings, the hearing officer concluded that "[t]hese are not circumstances under which a reasonable person would conclude that he could give himself a raise in November, without further discussing the matter with the [employer]." The hearing officer was "persuaded that [Durst] knew he did not have authority to give himself a raise" and concluded that Durst was at fault for the separation and not entitled to receive unemployment benefits under section 8-73-108(5)(e)(XX).

¶ 14    On review, the Panel noted that although conflicting testimony was presented at the hearing, it couldn't interfere with the hearing officer's assessment of the credibility of the witnesses and probative value of the evidence. Thus, because substantial evidence

6

supported the hearing officer's determination that Durst was at fault for the termination based on him having given himself an unauthorized raise, the Panel affirmed the hearing officer's decision.

¶ 15 As he did in his appeal to the Panel, Durst takes issue with the hearing officer's factual findings. Specifically, he argues that both his testimony and the answers he provided to the Division's questionnaire contradict those findings. While that may be true, we agree with the Panel that substantial evidence supports the hearing officer's finding that Durst gave himself an unauthorized raise, and thus, was at fault for the termination and disqualified from benefits under section 8-73-108(5)(e)(XX).

¶ 16 As the Panel noted, there is no indication in the record that the hearing officer failed to consider all the evidence submitted. Rather, the hearing officer isn't required to address specific evidence or testimony that the hearing officer doesn't find to be persuasive, and it's apparent from the record that the hearing officer found Durst's testimony and documentary evidence to be unpersuasive. *See Tilley*, 924 P.2d at 1177.

¶ 17 Because the hearing officer's factual findings concerning the basis of Durst's separation from this employment are supported by

substantial, although sometimes conflicting, evidence and the reasonable inferences drawn from that evidence, we must accept them on appeal. *See* § 8-74-107(4); *Yotes*, ¶ 10; *Tilley*, 924 P.2d at 1177. Based on the hearing officer's factual findings, the Panel properly upheld the hearing officer's determination that Durst was at fault for the separation and ineligible to receive unemployment benefits under section 8-73-108(5)(e)(XX). *See* § 8-74-107(6); *see also Richards*, 919 P.2d at 935.

¶ 18     To the extent Durst argues that additional evidence is available that would support his claim, our review, like that of the Panel, is limited to the record before the hearing officer; we may not consider any factual assertions or evidence offered by Durst in support of this appeal that he did not present at the hearing. *See* § 8-74-107(1); *Goodwill Indus. v. Indus. Claim Appeals Off.*, 862 P.2d 1042, 1047 (Colo. App. 1993) (appellate court's review is limited to the evidence in the record before the hearing officer).

## IV.     Disposition

¶ 19     We affirm the Panel's order.

JUDGE BROWN and JUDGE MOULTRIE concur.