24CA1622 Gardner v ICAO 12-26-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1622
Industrial Claim Appeals Office of the State of Colorado
DD No. 5553-2024

Jillian Gardner,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and RB American
Group LLC,

Respondents.

ORDER AFFIRMED

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

Jullian Gardner, Pro Se

No Appearance for Respondents

¶ 1    In this unemployment benefits case, claimant, Jillian Gardner, seeks review of the final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer's determination that Gardner was ineligible for unemployment benefits under section 8-73-108(5)(e)(XX), C.R.S. 2024, because she was at fault for the termination. We affirm the Panel's order.

## I.    Background

¶ 2    Gardner was the general manager of a fast-food restaurant for almost five years. She was terminated after she approved seventy-two hours of paid jury duty leave for an employee who did not actually have jury duty, in violation of the company's policy regarding jury duty leave. Gardner applied for unemployment benefits and a deputy for the Division of Unemployment Insurance determined that Gardner was ineligible for unemployment benefits pursuant to section 8-73-108(5)(e)(XX) because she was responsible for the separation from her employment by not complying with the employer's expectations or ru1es for job performance.

¶ 3    Gardner appealed the deputy's decision. At the hearing, the employer's representative testified that: (1) Gardner was terminated for violating company policies by approving an employee's request

1

for jury duty leave when the employee did not actually have jury duty and approving an amount in excess of the company's policy; (2) when the jury duty issue was brought to Gardner's attention, Gardner said that she had made a mistake; (3) the company handbook detailed the jury duty leave policy, and Gardner received that handbook when she was hired and signed an acknowledgement at that time indicating she received it; and (4) Gardner had been on a performance plan and two months after completion of that performance plan, Gardner signed documentation indicating that any further violation of the company's policies could lead to termination.

¶ 4     Gardner, in contrast, testified that she was informed of the issue with the jury duty leave request on the day she was terminated, that she told her supervisor that she did not remember approving a jury duty leave request, and that if she did do it, it was a mistake. She also testified that she probably thought she was just approving unpaid time off and was not aware she was doing anything wrong.

¶ 5     The hearing officer affirmed the deputy's decision, finding that Gardner knew she was expected to follow the company's policies

and that she improperly approved jury duty leave for a worker who was not on jury duty in violation of the company's policy. Thus, the hearing officer concluded that Gardner was disqualified from receiving unemployment benefits under section 8-73-108(5)(e)(XX) for failing to meet established job performance standards.

¶ 6 Gardner appealed the hearing officer's decision, and on review, the Panel affirmed the hearing officer's determination.

## II. Standard of Review and Applicable Law

¶ 7 As relevant here, we may set aside the Panel's decision only if the findings of fact do not support the decision or if the decision is erroneous as a matter of law. *See* § 8-74-107(6)(c)-(d), C.R.S. 2024.

¶ 8 We, like the Panel, may not reweigh the evidence presented or disturb the hearing officer's credibility determinations if they are supported by substantial evidence in the record. *See* § 8-74-107(4) (administrative findings of fact are conclusive if supported by substantial evidence and in the absence of fraud); *see also QFD Accessories, Inc. v. Indus. Claim Appeals Off.*, 873 P.2d 32, 33 (Colo. App. 1993) (a court may not disturb a hearing officer's resolution of conflicting testimony when the credited testimony was not incredible as a matter of law). Rather, we must accept a hearing

officer's factual findings that are supported by substantial evidence or reasonable inferences drawn from that evidence. *See Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 10; *Pero v. Indus. Claim Appeals Off.*, 46 P.3d 484, 486 (Colo. App. 2002). The hearing officer assesses the witnesses' credibility, resolves any conflicts in the evidence, and determines the weight to be accorded the evidence. *See Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996). In making those determinations, the hearing officer is not required to address specific evidence or testimony that the hearing officer does not find persuasive or make specific credibility determinations. *Id.*

¶ 9     A worker's entitlement to unemployment benefits depends on the reason for the separation from employment. *Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 623 (Colo. App. 2001). The reason for the separation is a question for the hearing officer as the trier of fact. *See Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).

¶ 10     Eligible individuals are entitled to receive unemployment benefits if they are unemployed through no fault of their own. § 8-73-108(1)(a). "Fault" does not necessarily require culpability but

only requires "a volitional act or the exercise of some control or choice in the circumstances leading to the discharge from employment such that the claimant can be said to be responsible for the termination." *Richards v. Winter Park Recreational Ass'n*, 919 P.2d 933, 934 (Colo. App. 1996). In other words, an employee's voluntary conduct that causes their unemployment "may result in such individuals receiving a disqualification." § 8-73-108(1)(a).

¶ 11    Subject to exceptions not applicable here, a claimant may be disqualified from receiving benefits when the separation from employment occurs for a "failure to meet established job performance or other defined standards." § 8-73-108(5)(e)(XX); *see also Richards*, 919 P.2d at 935 (disqualification under section 8-73-108(5)(e)(XX) is proper upon a showing that the claimant failed to do the job for which they were hired and which they knew was expected of them).

### III.   Discussion

¶ 12    On appeal, Gardner asserts that the Panel's findings are not supported by the evidence. Specifically, she argues that the employer did not present evidence of her guilt and that she did not recall approving the jury duty leave, but if she did, she thought she

5

was only approving unpaid time off. After reviewing the record evidence and applying our standard of review, we perceive no basis to reverse the Panel's order affirming the hearing officer's decision.

¶ 13 The hearing officer found that Gardner approved vacation leave for an employee who had only worked for the company for approximately six months because the employer encouraged managers to approve vacation leave to keep employees happy. And, while that employee was still on vacation leave, they submitted a request for nearly two weeks of jury duty leave. Without verifying whether the employee had jury duty, Gardner approved that request at full pay. However, the employer's policy, as described in its handbook, only allowed for up to three days of paid jury duty leave at a reduced pay rate. The employer terminated Gardner because she approved that employee's jury duty leave in violation of the company's policy.

¶ 14 The hearing officer was persuaded that Gardner, not someone else, approved that employee's jury duty leave and found that by approving that leave without referencing the handbook, Gardner failed to follow the company's policies. And, because intent is not necessary for a disqualification under section 8-73-108(5)(3)(XX) —

only a volitional act — the hearing officer concluded that Gardner failed to meet established job performance standards, and thus, was disqualified from receiving unemployment benefits under section 8-73-108(5)(e)(XX).

¶ 15    On review, the Panel noted that Gardner disputed the employer's testimony and the hearing officer's factual findings. But because the hearing officer is solely responsible for weighing the evidence, assessing the credibility of witnesses, and resolving conflicts in the evidence, the Panel determined that it could not alter the hearing officer's findings. The evidence supported the hearing officer's determination that the employer had terminated Gardner for violating company policy by wrongfully approving the jury duty leave request. Thus, the Panel concluded that Gardner was at fault for the termination under section 8-3-108(5)(e)(XX) and affirmed the hearing officer's decision.

¶ 16    Gardner asserts that the Panel erred by affirming the hearing officer's determination because the evidence at the hearing contradicted the hearing officer's findings. Specifically, she argues that the employer did not present any proof that she had read and

signed the employee handbook or that she had the authority to approve payments for leave requests. We aren't persuaded.

¶ 17    The hearing officer's finding that Gardner was at fault for her termination because she violated company policies with regard to approving a jury duty leave request in excess of what the company allowed is supported by substantial evidence and, therefore, is binding on review. *See Pero*, 46 P.3d at 486. The employer's representative testified that Gardner (1) signed the employee handbook; (2) approved the jury duty leave request in violation of the company's policy as reflected in the handbook; and (3) admitted to making a mistake by approving the jury duty leave. Because fault requires only a volitional act, not intent, the record supports the hearing officer's determination that Gardner was disqualified from unemployment benefits under section 8-73-108(5)(e)(XX). *See Richards*, 919 P.2d at 935.

¶ 18    To the extent Gardner presented conflicting testimony at the hearing, that is not a basis for reversing the hearing officer's decision because the hearing officer is responsible for making credibility determinations and weighing the evidence. *See* § 8-74-107(4); *see also Yotes,* ¶ 10. Thus, contrary to Gardner's claim on

8

appeal, the absence of written proof that Gardner signed the company handbook and was aware of the policy regarding jury duty leave does not undermine the hearing officer's decision. The employer's representative testified to the operative facts; and, in determining that Gardner was at fault for the termination, the hearing officer found the employer's representative's testimony credible. *See Tilley*, 924 P.2d at 1177.

¶ 19 Accordingly, because the Panel was required to accept the hearing officer's credibility determinations and factual findings on appeal, the Panel properly upheld the hearing officer's determination that Gardner was at fault for the separation and ineligible to receive unemployment benefits under section 8-73-108(5)(e)(XX). *See* § 8-74-107(6).

## IV. Disposition

¶ 20 We affirm the Panel's order.

JUDGE WELLING and JUDGE BROWN concur.