24CA1351 Melano v ICAO 01-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1351
Industrial Claim Appeals Office of the State of Colorado
DD No. 11714-2024

---

Richard Melano,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Stonebridge
Hospitality Association LLC,

Respondents.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE GROVE
Harris and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

---

Richard Melano, Pro Se

No Appearance for Respondents

¶ 1      In this unemployment benefits case, Richard Melano appeals the Industrial Claim Appeals Office (Panel) order affirming a hearing officer's decision disqualifying him from receiving unemployment benefits.  We affirm the Panel's order.

## I.     Background

¶ 2      Stonebridge Hospitality Association LLC employed Melano as a shuttle driver from January 2023 to January 2024, when he was terminated for missing three consecutive shifts without giving adequate notice to his employer.  Melano applied for unemployment benefits, and a deputy for the Division of Unemployment Insurance denied his application.

¶ 3      Melano appealed the deputy's decision.  After an evidentiary hearing, the hearing officer affirmed the denial of benefits under section 8-73-108(5)(e)(XX), C.R.S. 2024 (disqualification for other reasons, including excessive tardiness or absenteeism).  The Panel affirmed that determination.

## II.     Discussion

¶ 4      Representing himself on appeal, Melano essentially challenges the hearing officer's factual findings.  He asserts that he was sick and on medication that prevented him from driving when his

1

employment was terminated. After a thorough review of the record, we affirm the Panel's order.

## A.   Legal Principles and Standard of Review

¶ 5   Workers can receive unemployment benefits only if unemployed through no fault of their own. *See Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 623 (Colo. App. 2001). Determining whether a claimant is at fault for an employment separation requires a case-specific consideration of the totality of the circumstances using an objective standard. *Morris v. City & Cnty. of Denver*, 843 P.2d 76, 79 (Colo. App. 1992).

¶ 6   We will uphold the Panel's decision unless the findings of fact do not support the decision or the decision is erroneous as a matter of law. § 8-74-107(6)(c)-(d), C.R.S. 2024; *see Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17.

## B.   Analysis

¶ 7   Section 8-73-108(5)(e)(XX) disqualifies a claimant from benefits "for other reasons including, but not limited to, excessive tardiness or absenteeism or failure to meet established job performance or other defined standards." A claimant is properly disqualified under this subsection if he knew what was expected of

him and failed to "satisfactorily perform the job thereafter." *Pabst v. Indus. Claim Appeals Off.*, 833 P.2d 64, 64-65 (Colo. App. 1992). When a worker is discharged because of alleged excessive tardiness or absenteeism, we apply the "reasonable and ordinary meaning" of "excessive." *Gonzales v. Indus. Comm'n*, 740 P.2d 999, 1004 (Colo. 1987).

¶ 8 The hearing officer determined that Melano missed three consecutive shifts because he traveled to Iowa to visit family. He concluded that the absences were "not justified" and were "excessive." Those conclusions are supported by the evidence.

¶ 9 The record shows that after being excused from work for a period in November and December, Melano told his supervisor that he was available to return to work at the end of December. He was scheduled for three shifts beginning on December 30, 2023. Although he had notice of the shifts, he neither came to work nor obtained approval for his absence.

¶ 10 At the hearing, Melano admitted that he missed the three shifts because he took a trip to Iowa to visit family. But he testified that he could not have worked the shifts in any event because he

3

was taking medication that made him drowsy and was experiencing severe coughing spasms.

¶ 11    A representative of Stonebridge submitted evidence of the company's absenteeism policy. The policy provides that employees who "have two 'no-call, no-shows' within a six month period" are subject to termination, and employees who have "three successive 'no-calls, no-shows' [are] deemed to have voluntarily resigned." The representative testified that after Melano missed his three shifts, Stonebridge sent him a termination letter referencing the policy.

¶ 12    On appeal, Melano disputes his employer's testimony and the hearing officer's findings. But we may not reweigh the factual record and enter findings of our own or draw inferences different from those of the hearing officer. The hearing officer weighed the competing factual evidence and found that Melano was terminated for three consecutive absences without notifying his employer. Because this was a reasonable inference from the record, we are bound by the factual finding. *See Pero v. Indus. Claim Appeals Off.*, 46 P.3d 484, 486 (Colo. App. 2002).

¶ 13    Nor do we see any legal error. Applying the plain and ordinary meaning of the term "excessive," the hearing officer found that,

under the totality of the circumstances, three consecutive unexcused absences is excessive. And the record shows that three consecutive absences in this situation was grounds for termination under the employee handbook.

¶ 14     Having reviewed the record evidence and considering the applicable standard of review, we perceive no basis for reversing the Panel's order upholding the denial of benefits under section 8-73-108(5)(e)(XX).

## III.    Disposition

¶ 15     The Panel's order is affirmed.

JUDGE HARRIS and JUDGE PAWAR concur.